**Adam P. GARCIA, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 14–00–00486–CR.**

Court of Appeals of Texas, Houston (14th Dist.).

Oct. 19, 2000.

J.C. Castillo, Houston, for appellants.

Calvin A. Hartmann, Houston, for appellees.

Panel consists of Justices YATES, WITTIG, and FROST.

## OPINION

PER CURIAM.

In conjunction with a plea bargain agreement, appellant pleaded guilty to the offense of indecency with a child. On February 8, 2000, the trial court deferred a finding of guilt and placed appellant on deferred adjudication probation for five years. On March 7, 2000, appellant's retained counsel filed a motion for new trial. On March 27, 2000, the trial court denied a hearing on appellant's motion for new trial by written order. On April 17, 2000, appellant filed a notice of appeal.

■ On September 27, 2000, the State filed a motion to dismiss the appeal arguing that this Court is without jurisdiction because appellant did not timely file his notice of appeal. Generally, a timely filed motion for new trial will extend the time to file the notice of appeal to ninety days after sentence is imposed. *See* Tex. R.App.P. 26.2(a)(2). Thus, it would appear on the surface that appellant's notice of appeal was timely. However, the motion for new trial filed is this case was a nullity and did not extend the appellate timetable. Because we find the State's contention meritorious, we grant the motion and dismiss the appeal.

A defendant must file his notice of appeal "(1) within 30 days after the day sentence is imposed or suspended in open court, or after the day the trial court enters an appealable order; or (2) within 90 days after the day sentence is imposed or suspended in open court if the defendant timely files a motion for new trial." Tex. R.App.P. 26.2(a). "New trial means the rehearing of a criminal action after the trial court has, on the defendant's motion, set aside a finding or verdict of guilt." Tex.R.App.P. 21.1. A defendant must file his motion for new trial "no later than 30 days after the date when the trial court imposes or suspends sentence in open court." Tex.R.App.P. 21.4(a).

■ A judgment is the written declaration of the court signed by the trial judge and entered of record showing the conviction or acquittal of the defendant. *See* Tex.Code Crim.Proc.Ann. art. 42.01, § 1 (Vernon Supp.2000). The sentence is that part of the judgment that orders that the punishment be carried into execution. *See* Tex.Code Crim.Proc.Ann. art. 42.02 (Vernon Supp.2000). There can be no judgment in a deferred adjudication proceeding because there is no conviction. *See* Tex. Code Crim.Proc.Ann. art. 42.12, § 5(a) (Vernon Supp.2000). Similarly, there can be no imposition or suspension of sentence because no punishment is assessed. Because there is no finding or verdict of guilt, and no imposition or suspension of sentence, Rules 21.1 and 21.4 do not apply to a deferred adjudication proceeding. *See Hammack v. State,* 963 S.W.2d 199, 200

(Tex.App.—Austin 1998, no pet.) (citing *State v. Davenport,* 866 S.W.2d 767, 770 (Tex.App.—San Antonio 1993, no pet.)).

In order to perfect an appeal from the deferred adjudication order, appellant was required to file his notice of appeal within thirty days after the order was rendered on February 8, 2000. Appellant was not entitled to move for a new trial following the trial court's decision to defer adjudication, and his motion for new trial was a nullity. *See id.* Therefore, the filing of the motion for new trial did not extend the time for filing notice of appeal under Rule 26.2(a)(2). *See id.*

 Appellant's notice of appeal was not timely filed. A notice of appeal which complies with the requirements of Rule 26 is essential to vest the court of appeals with jurisdiction. *See Slaton v. State,* 981 S.W.2d 208, 210 (Tex.Crim.App.1998). If an appeal is not timely perfected, a court of appeals does not obtain jurisdiction to address the merits of the appeal. Under those circumstances it can take no action other than to dismiss the appeal. *See id.*

Accordingly, we grant the State's motion and dismiss the appeal.