Grant A. MURRAY, Appellant,

v.

The STATE of Texas, Appellee.

Nos. 05–02–00051–CR, 05–02–00052–CR.

Court of Appeals of Texas, Dallas.

Sept. 30, 2002.

Rehearing Overruled Dec. 4, 2002.

James Patrick Whalen, James P. Whalen, P.C., Dallas, for Appellant.

Tom O'Connell, Criminal District Attorney, Katharine K. Decker, Assistant Criminal District Attorney, McKinney, for State.

Before Justices KINKEADE, BRIDGES, and FITZGERALD.

## OPINION

Opinion by Justice BRIDGES.

Grant A. Murray pleaded no contest to two charges of arson. *See* TEX. PEN.CODE ANN. § 28.02 (Vernon Supp.2002). The trial court found the evidence substantiated appellant's guilt but deferred a finding of guilt in both cases and placed appellant on community supervision for ten years. The trial court also ordered appellant to pay restitution in the amounts of $39,000 and $722.

 The State contends we lack jurisdiction over these appeals because appellant's notices of appeal were untimely. We agree. The record reflects appellant received deferred adjudication on October 12, 2001. Appellant filed a motion for new trial in cause number 05–02–00051–CR on November 1, 2001, and in cause number 05–02–00052–CR on November 2, 2001. Appellant filed his notices of appeal on January 4, 2002. A motion for new trial is not an available remedy for a defendant who receives deferred adjudication. *See Donovan v. State,* 68 S.W.3d 633, 636 (Tex. Crim.App.2002). Accordingly, we conclude a motion for new trial is also ineffective to extend the time for filing the notice of appeal in a case in which the defendant has received deferred adjudication. *See Garcia v. State,* 29 S.W.3d 899, 901 (Tex. App.-Houston [14th Dist.] 2000, no pet.).

Because appellant's January 4, 2002 notices of appeal were filed more than thirty days after October 12, 2001, we have no jurisdiction over these appeals. *See Slaton v. State,* 981 S.W.2d 208, 210 (Tex.Crim.App.1998) (per curiam); *Olivo v. State,* 918 S.W.2d 519, 523 (Tex.Crim. App.1996); *Boyd v. State,* 971 S.W.2d 603, 606 (Tex.App.-Dallas 1998, no pet.). Thus, we dismiss these appeals for want of jurisdiction.