COURT
OF APPEALS
SECOND
DISTRICT OF TEXAS
FORT WORTH
NO. 2-02-048-CR
 
CHRISTOPHER
CASE                                                                                
APPELLANT
V.
THE STATE OF
TEXAS                                                                                  
STATE
------------
FROM CRIMINAL DISTRICT
COURT NO. 1 OF TARRANT COUNTY
------------
OPINION
------------
I. Introduction
Appellant Christopher Case appeals
from the trial court's judgment and order placing him on deferred adjudication
community supervision and the trial court's denial of his motion for new trial
and to proceed to an adjudication of guilt. We dismiss the appeal for want of
jurisdiction.
II. Background
facts
On December 18, 2001, appellant
pleaded guilty to the offense of evading arrest-motor vehicle pursuant to a plea
bargain agreement, and the trial court placed him on deferred adjudication for
five years. On January 14, 2002, appellant filed a "motion for new
trial," complaining generally about the voluntariness of his guilty plea.
Paragraph three of the motion states as follows:

 This motion is intended as a
 motion to proceed to a final adjudication as authorized by Tex. Code Crim.
 Proc. Ann. Art. 42.12, Sec. 5(a). Said motion is timely in that 30 days have
 not elapsed since the entry of the plea of the Defendant and the order of the
 Court placing him on deferred adjudication community supervision herein.

 
In his prayer for relief, appellant
requested that the trial court set aside its order and judgment deferring
adjudication of guilt, allow him to withdraw his guilty plea, and grant him a
new trial. The trial court denied appellant's motion on February 8, 2002.
Appellant filed his notice of appeal on February 13, 2002.
In an April 19, 2002 letter, we
notified appellant of our concern that his notice of appeal did not appear to
invoke our appellate jurisdiction under former rule 25.2(b)(3). See former Tex.
R. App. P. 25.2(b)(3). After receiving appellant's response to our April 19
letter, we decided to address the jurisdictional issues with the appeal on the
merits.
Appellant filed his brief on
November 1, 2002, raising three issues on appeal. Specifically, he complains
that he received ineffective assistance of counsel, that his plea was
involuntary, and that the trial court erred in denying his motion to adjudicate
guilt. Appellant did not further address this court's jurisdictional concerns in
his brief.
The State then filed a motion to
dismiss the appeal for want of jurisdiction. The State contends that appellant's
notice of appeal was both untimely and failed to comply with former rule
25.2(b)(3).
On January 9, 2003, we notified
appellant of our concern that we may not have jurisdiction over his appeal
because his notice of appeal was untimely. Appellant filed his response on
January 21, 2003.
II. Jurisdiction
In his response, appellant asserts
that his motion to proceed to an adjudication following the trial court's
acceptance of a guilty plea is the only method by which he may secure a new
trial or otherwise overturn the trial court's decision to place him on deferred
adjudication community supervision. We disagree.
A defendant placed on deferred
adjudication community supervision must raise any complaints involving the
original plea proceeding through an appeal taken immediately after deferred
adjudication is imposed. Nix v. State, 65 S.W.3d 664, 667 (Tex. Crim.
App. 2001); Manuel v. State, 994 S.W.2d 658, 661-62 (Tex. Crim. App.
1999). In order to perfect an appeal from a deferred adjudication order, an
unadjudicated defendant is required to file his notice of appeal within 30 days
after the order is rendered. See Tex. R. App. P. 26.2(a) (stating that
the notice of appeal is due within 30 days after the day sentence is imposed or
suspended); Garcia v. State, 29 S.W.3d 899, 901 (Tex. App.--Houston [14th
Dist.] 2000, no pet.). A motion for new trial is not an available remedy for a
defendant who receives deferred adjudication. Donovan v. State, 68
S.W.3d 633, 636 (Tex. Crim. App. 2002). Therefore, a motion for new trial will
not extend the time for filing the notice of appeal in a deferred adjudication
case. Murray v. State, 89 S.W.3d 187, 188 (Tex. App.--Dallas 2002, pet.
ref'd) (holding notice of appeal untimely because the motion for new trial was
ineffective to extend the time for filing the notice of appeal in a case in
which the defendant received deferred adjudication); Garcia, 29 S.W.3d
at 901 (same).
In this case, appellant's notice of
appeal was filed more than 30 days after the trial court entered its order and
judgment of deferred adjudication. Therefore, any appeal from that order is
untimely. See Tex. R. App. P. 26.2(a); Murray, 89 S.W.3d at
188; Garcia, 29 S.W.3d at 901.
Appellant also appeals from the
trial court's denial of his motion to proceed to an adjudication of guilt,
pursuant to article 42.12, section 5(a) of the Texas Code of Criminal Procedure.
Tex. Code Crim. Proc. Ann. art. 42.12, § 5(a) (Vernon Supp. 2003). Article
42.12, section 5(a) provides:

 . . . upon written motion of the
 defendant requesting final adjudication filed within 30 days after entering
 such plea and the deferment of adjudication, the judge shall proceed to
 final adjudication as in all other cases.

Id. (emphasis added).
While appellant's contention that
the trial court erred in denying his motion to proceed to an adjudication of
guilt may have merit, we can find no provision allowing for an appeal from such
order. Article 44.01(j) was enacted to provide defendants who are placed on
deferred adjudication a limited right of appeal. Id. art. 44.01(j); Dillehey
v. State, 815 S.W.2d 623, 625-26 (Tex. Crim. App. 1991); see also Rubio
v. State, 843 S.W.2d 184, 186 (Tex. App.--Fort Worth 1992, no pet.)
(recognizing that after Dillehey, an unadjudicated defendant placed on
deferred adjudication has a limited right to appeal either a ruling on a
pre-trial motion or with the permission of the trial court). Article 44.01(j),
however, does not allow an unadjudicated defendant to appeal the trial court's
failure to grant his motion to proceed to adjudication. This is not to say
appellant is without a remedy; appellant may be able to challenge the trial
court's denial of his motion to adjudicate guilt via either a writ of mandamus
or a writ of habeas corpus. See Stotts v. Wisser, 894 S.W.2d 366,
367-68 (Tex. Crim. App. 1995) (noting that criminal defendant is entitled to
mandamus relief when he can show he has no adequate remedy at law to redress his
alleged harm and that the act sought to be compelled is purely ministerial,
i.e., he establishes a clear right to the relief sought); Ex parte Aviles,
78 S.W.3d 677, 678 (Tex. App.--Austin 2002, orig. proceeding) (same); Banales
v. Court of Appeals for the Thirteenth Judicial Dist., 93 S.W.3d 33, 36
(Tex. Crim. App. 2002) (concluding that mandamus relief is not available where
an adequate remedy at law exists through writ of habeas corpus); Ex parte
McCullough, 966 S.W.2d 529, 531 (Tex. Crim. App. 1998) (noting that habeas
relief is available to defendants placed on deferred adjudication).
Having determined we have no
appellate jurisdiction over appellant's appeal, we can take no action other than
to dismiss the appeal. See Slaton v. State, 981 S.W.2d 208, 210 (Tex.
Crim. App. 1998); Olivo v. State, 918 S.W.2d 519, 523-25 (Tex. Crim.
App. 1996). Accordingly, we dismiss the appeal for want of jurisdiction. See
Tex. R. App. P. 43.2(f).
 
                                                                               
PER CURIAM
PANEL D: WALKER, J.; CAYCE, C.J.;
and DAY, J.
DO NOT PUBLISH
Tex. R. App. P. 47.2(b)
[Delivered March 13, 2003]