Christopher Case v. State

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-02-048-CR

CHRISTOPHER CASE APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM CRIMINAL DISTRICT COURT NO. 1 OF TARRANT COUNTY

------------

OPINION

------------

I. Introduction

Appellant Christopher Case appeals from the trial court’s judgment and order placing him on deferred adjudication community supervision and the trial court’s denial of his motion for new trial and to proceed to an adjudication of guilt.  We dismiss the appeal for want of jurisdiction.

II. 
Background facts

On December 18, 2001, appellant pleaded guilty to the offense of evading arrest-motor vehicle pursuant to a plea bargain agreement, and the trial court placed him on deferred adjudication for five years.  On January 14, 2002, appellant filed a “motion for new trial,” complaining generally about the voluntariness of his guilty plea.  Paragraph three of the motion states as follows:

This motion is intended as a motion to proceed to a final adjudication as authorized by Tex. Code Crim. Proc. Ann. Art. 42.12, Sec. 5(a).  Said motion is timely in that 30 days have not elapsed since the entry of the plea of the Defendant and the order of the Court placing him on deferred adjudication community supervision herein.

In his prayer for relief, appellant requested that the trial court set aside its order and judgment deferring adjudication of guilt, allow him to withdraw his guilty plea, and grant him a new trial.  The trial court denied appellant’s motion on February 8, 2002.  Appellant filed his notice of appeal on February 13, 2002. In an April 19, 2002 letter, we notified appellant of our concern that his notice of appeal did not appear to invoke our appellate jurisdiction under former rule 25.2(b)(3).  
See former 
Tex. R. App. P.
 25.2(b)(3).  After receiving appellant’s response to our April 19 letter, we decided to address the jurisdictional issues with the appeal on the merits.

Appellant filed his brief on November 1, 2002, raising three issues on appeal.  Specifically, he complains that he received ineffective assistance of counsel, that his plea was involuntary, and that the trial court erred in denying his motion to adjudicate guilt.  Appellant did not further address this court’s jurisdictional concerns in his brief.

The State then filed a motion to dismiss the appeal for want of jurisdiction.  The State contends that appellant’s notice of appeal was both untimely and failed to comply with former rule 25.2(b)(3). 

On January 9, 2003, we notified appellant of our concern that we may not have jurisdiction over his appeal because his notice of appeal was untimely.  Appellant filed his response on January 21, 2003.

II.  
Jurisdiction

In his response, appellant asserts that his motion to proceed to an adjudication following the trial court’s acceptance of a guilty plea is the only method by which he may secure a new trial or otherwise overturn the trial court’s decision to place him on deferred adjudication community supervision.  We disagree.

A defendant placed on deferred adjudication community supervision must raise any complaints involving the original plea proceeding through an appeal taken immediately after deferred adjudication is imposed.  
Nix v. State
, 65 S.W.3d 664, 667 (Tex. Crim. App. 2001); 
Manuel v. State
, 994 S.W.2d 658, 661-62 (Tex. Crim. App. 1999).  In order to perfect an appeal from a deferred adjudication order, an unadjudicated defendant is required to file his notice of appeal within 30 days after the order is rendered.  
See
 
Tex. R. App. P.
 26.2(a) (stating that the notice of appeal is due within 30 days after the day sentence is imposed or suspended); 
Garcia v. State
, 29 S.W.3d 899, 901 (Tex. App.—Houston [14
th
 Dist.] 2000, no pet.).  A motion for new trial is not an available remedy for a defendant who receives deferred adjudication.  
Donovan v. State
, 68 S.W.3d 633, 636 (Tex. Crim. App. 2002).  Therefore, a motion for new trial will not extend the time for filing the notice of appeal in a deferred adjudication case.  
Murray v. State
, 89 S.W.3d 187, 188 (Tex. App.—Dallas 2002, pet. ref’d) (holding notice of appeal untimely because the motion for new trial was ineffective to extend the time for filing the notice of appeal in a case in which the defendant received deferred adjudication); 
Garcia
, 29 S.W.3d at 901 (same).

In this case, appellant’s notice of appeal was filed more than 30 days after the trial court entered its order and judgment of deferred adjudication. Therefore, any appeal from that order is untimely.  
See
 
Tex. R. App. P.
 26.2(a); 
Murray
, 89 S.W.3d at 188; 
Garcia
, 29 S.W.3d at 901.

Appellant also appeals from the trial court’s denial of his motion to proceed to an adjudication of guilt, pursuant to article 42.12, section 5(a) of the Texas Code of Criminal Procedure.  
Tex. Code Crim. Proc. Ann.
 art. 42.12, § 5(a) (Vernon Supp. 2003).  Article 42.12, section 5(a) provides:

. . . upon written motion of the defendant requesting final adjudication filed within 30 days after entering such plea and the deferment of adjudication, 
the judge shall proceed to final adjudication as in all other cases.

Id.
 (emphasis added).

While appellant’s contention that the trial court erred in denying his motion to proceed to an adjudication of guilt may have merit, we can find no provision allowing for an appeal from such order.  Article 44.01(j) was enacted to provide defendants who are placed on deferred adjudication a limited right of appeal.  
Id.
 art. 44.01(j); 
Dillehey v. State
, 815 S.W.2d 623, 625-26 (Tex. Crim. App. 1991); 
see also Rubio v. State
, 843 S.W.2d 184, 186 (Tex. App.—Fort Worth 1992, no pet.) (recognizing that after 
Dillehey
, an unadjudicated defendant placed on deferred adjudication has a limited right to appeal either a ruling on a pre-trial motion or with the permission of the trial court).  Article 44.01(j), however, does not allow an unadjudicated defendant to appeal the trial court’s failure to grant his motion to proceed to adjudication. This is not to say appellant is without a remedy; appellant may be able to challenge the trial court’s denial of his motion to adjudicate guilt via either a writ of mandamus or a writ of habeas corpus.  
See Stotts v. Wisser
, 894 S.W.2d 366, 367-68 (Tex. Crim. App. 1995) (noting that criminal defendant is entitled to mandamus relief when he can show he has no adequate remedy at law to redress his alleged harm and that the act sought to be compelled is purely ministerial, i.e., he establishes a clear right to the relief sought); 
Ex parte Aviles
, 78 S.W.3d 677, 678 (Tex. App.—Austin 2002, orig. proceeding) (same); 
Banales v. Court of Appeals for the Thirteenth Judicial Dist.
,93 S.W.3d 33, 36 (Tex. Crim. App. 2002) (concluding that mandamus relief is not available where an adequate remedy at law exists through writ of habeas corpus); 
Ex parte McCullough
, 966 S.W.2d 529, 531 (Tex. Crim. App. 1998) (noting that habeas relief is available to defendants placed on deferred adjudication).

Having determined we have no appellate jurisdiction over appellant’s appeal, we can take no action other than to dismiss the appeal.  
See Slaton v. State
, 981 S.W.2d 208, 210 (Tex. Crim. App. 1998); 
Olivo v. State
, 918 S.W.2d 519, 523-25 (Tex. Crim. App. 1996).  Accordingly, we dismiss the appeal for want of jurisdiction.  
See
 
Tex. R. App. P.
 43.2(f).

PER CURIAM

PANEL D: WALKER, J.; CAYCE, C.J.; and DAY, J.

DO NOT PUBLISH

Tex. R. App. P. 
47.2(b)

[Delivered March 13, 2003]