ANDRE LEE TRUETT V. THE STATE OF TEXAS

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-02-377-CR

ANDRE LEE TRUETT APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM THE 396
TH
 DISTRICT COURT OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)
------------

On June 14, 2001, appellant Andre Lee Truett entered an open plea of guilty to aggravated sexual assault of a child.  On August 13, 2001, the trial deferred a finding of guilt and placed appellant on ten years’ community supervision.  On September 20, 2002, the trial court revoked appellant’s community supervision pursuant to a motion by the State, adjudicated appellant guilty of the offense, and sentenced him to fifty years’ imprisonment.  Appellant appeals from the trial court’s judgment revoking his community supervision and adjudicating him guilty, claiming that his open plea entered on June 14, 2001, was involuntary due to ineffective assistance of counsel. 

Because appellant’s complaint arises from his original plea, he was required to raise the issue in an appeal from the trial court’s order placing him on deferred adjudication community supervision.  
See Manuel v. State
, 994 S.W.2d 658, 661-62 (Tex. Crim. App. 1999); 
Webb v. State
, 20 S.W.3d 834, 835-36 (Tex. App.—Amarillo 2000, no pet.).  An appeal on these grounds should have been commenced within thirty days of the trial court’s “Unadjudicated Judgment.” 
 See
 
Tex. R. App. P.
 26.2(a)(1); 
Garcia v. State
, 29 S.W.3d 899, 901 (Tex. App.—Houston [14
th
 Dist.] 2000, no pet.).  No timely notice of appeal was filed from that judgment.  Because the appeal raises no other issues that we can address, we dismiss the appeal for want of jurisdiction.  
See
 
Tex. R. App. P.
 42.3(a), 43.2(f).

SAM J. DAY

JUSTICE

PANEL A: CAYCE, C.J.; DAY and HOLMAN, JJ.

DO NOT PUBLISH

Tex. R. App. P. 
47.2(b)

DELIVERED:  June 19, 2003

FOOTNOTES
1:
See
 
Tex. R. App. P.
 47.4.