TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN








NO. 03-03-00460-CR






James Thomas LaPointe, Appellant


v.


The State of Texas, Appellee







FROM THE DISTRICT COURT OF WILLIAMSON COUNTY, 368TH JUDICIAL DISTRICT

NO. 03-111-K368, HONORABLE BURT CARNES, JUDGE PRESIDING






O P I N I O N



 On April 28, 2005, this Court abated James LaPointe's appeal of his convictions for
aggravated kidnapping, assault-family violence, and aggravated sexual assault for the district court
to conduct a hearing pursuant to rule of evidence 412. See LaPointe v. State, 166 S.W.3d 287, 300
(Tex. App.--Austin 2005, pet. dism'd). The district court has now held the hearing in accordance
with our opinion. 

 In his original brief on appeal, James (1) raised five issues challenging the sufficiency
of the evidence and alleging that the district court erred by excluding him and his counsel from the
in camera hearing required by rule 412; refusing to allow him to make an offer of proof; excluding
relevant evidence; and admitting evidence of other crimes, wrongs, or acts. In a supplemental brief,
James raises additional issues challenging the district court's jurisdiction to conduct the in camera
hearing for which we abated the appeal and complaining of other rulings made at the hearing. We
affirm the convictions. 


The In Camera Hearing

 In accordance with this Court's opinion, the district court heard testimony from Kara
LaPointe and sexual assault nurse examiner Kathleen Gann regarding Kara's past sexual conduct. 
Both witnesses were questioned by counsel for the State and the defense in a closed courtroom. (2) The
district court did not permit argument at the conclusion of the hearing and no ruling was made with
regard to whether any admissible evidence had been elicited.

 James first complains that the district court lacked jurisdiction because his pro se
petition for discretionary review was pending with the court of criminal appeals at the time of the
hearing. However, this Court's opinion abating James's appeal was not a reviewable decision. See
Williams v. State, 780 S.W.2d 802, 803 (Tex. Crim. App. 1989) (court of criminal appeals will not
entertain petition for discretionary review from court of appeals abatement of appeal). Thus, James's
pro se petition was not a proper petition and could not have deprived the district court of jurisdiction. 
Cf. Welsh v. State, 108 S.W.3d 921, 923 (Tex. App.--Dallas 2003, no pet.) (motion for new trial a
nullity in denial of request for DNA testing and is ineffective to extend time to file notice of appeal);
Murray v. State, 89 S.W.3d 187, 188 (Tex. App.--Dallas 2002, pet. ref'd) (motion for new trial
unavailable to challenge deferred adjudication and is ineffective to extend time for filing notice of
appeal); Garcia v. State, 29 S.W.3d 899, 901 (Tex. App.--Houston [14th Dist.] 2000, no pet.). 
Accordingly, the district court had jurisdiction to conduct the in camera hearing pursuant to our
opinion. 

 James also raises procedural issues relating to the hearing. He contends that the
district court erroneously prevented him from questioning both Kara and Gann about issues relating
to Kara's bias and motive to lie about her sexual history. Specifically, he argues that Kara had a
motive to manufacture her allegations against James in order to create an advantage in the dispute
over custody of their son. The scope of appropriate cross-examination is necessarily broad, and a
defendant is entitled to pursue all avenues of cross-examination reasonably calculated to expose a
motive, bias or interest for the witness to testify. Carroll v. State, 916 S.W.2d 494, 497 (Tex. Crim.
App. 1996). The right to confrontation certainly entitled James to question witnesses regarding
motive and bias at trial. However, the record does not indicate that any limitations were placed on
James's ability to raise issues regarding child custody before the jury. Rule 412 only prohibited
cross-examination with regard to instances of prior sexual conduct. The district court correctly
limited the scope of the hearing to eliciting specific evidence of Kara's prior sexual conduct. 

 James further contends that the district court erred by overruling his request for a
continuance of the in camera hearing and refusing to allow him to recall Gann. We review the
decision to deny a continuance and to limit the questioning of a witness under an abuse of discretion
standard. See Janecka v. State, 937 S.W.2d 456, 468 (Tex. Crim. App. 1996) (continuance); Knox
v. State, 31 S.W.3d 700, 702-03 (Tex. App.--Houston [1st Dist.] 2000, no pet.) (recall witness). In
this case, the district court overruled James's request for a continuance with regard to Gann's
testimony. The district court granted James's request with regard to Kara's testimony, and her
testimony was postponed for several weeks. At the conclusion of Kara's testimony, James asked to
recall Gann to "ask some rebuttal questions." In response, the district court asked James to provide
what questions he would ask so that the court could determine whether it was worth the expense of
bringing the witness in from out of state. It does not appear from the record that James ever
submitted these questions, nor has he asserted on appeal what he would have asked in rebuttal. 
Although James vaguely asserted in his motion that time did not permit the issuance of subpoenas
for certain medical records, he did not establish what records he was seeking, how those records
would be useful, or whether he could have obtained those records for the subsequent hearing
regarding Kara's testimony. On this record, the district court did not abuse its discretion by
overruling in part James's motion for continuance or by denying his request to recall Gann. 

 Having overruled the procedural issues raised in James's supplemental brief, we now
consider James's original issues relating to the in camera hearing. Reviewing the record, we hold
that the in camera hearing was conducted in compliance with rule 412 and the constitutional
concerns raised in our prior opinion. Accordingly, the errors complained of in James's issues one
and four have been corrected and we overrule these issues.


Exclusion of Evidence

 In his second issue, James argues that he should have been permitted to introduce
evidence that (1) Kara believed her past sexual conduct could result in the loss of custody of her son,
(2) a bottle on which Chance Burton's DNA was found could have been used in a sexual encounter
between Kara and Burton, and (3) Kara's injuries were consistent with her preferred method of
sexual behavior. James also contends that the trial court erred by excluding evidence of Kara's
problems with mental illness and substance abuse. We review the district court's determination of
whether to exclude evidence under an abuse of discretion standard. See Burden v. State, 55 S.W.3d
608, 615 (Tex. Crim. App. 2001). 

 Much of James's argument focuses on evidence of Kara's 1998 emergency room visit 
for treatment of bruising all over her body. She reported to emergency room staff that she had
recently been diagnosed with a bipolar disorder, had been intoxicated on a daily basis for several
weeks, and did not remember recent events. In the report, she stated that she was concerned that her
injuries were related to a "sexual advance." Even taking this report as true, we do not find that this
evidence was admissible as an exception under rule 412(b). At best the report contains only
speculation by Kara that she might have been sexually assaulted, not evidence that her injuries were
sustained through consensual sex. Furthermore, Kara testified at the in camera hearing that she had
made up the story to cover up the fact that her injuries were the result of James hitting and kicking
her. James did not establish any sexual component to Kara's injuries at this hearing. Based on the
record at trial and the evidence developed at the later in camera hearing, we hold that the trial court 
did not abuse its discretion by excluding Kara's statements made during a 1998 emergency room
visit.

 In considering James's other complaints regarding instances of past sexual conduct,
we note that James was given considerable latitude in exploring Kara's prior sexual conduct at the
in camera hearing. Despite extensive questioning, James failed to elicit any admissible evidence of
Kara's prior sexual conduct. See Tex. R. Evid. 412(b). Moreover, evidence of Kara's relationship
with Burton and the fact that he could not be excluded as a contributor of DNA found on a bottle
collected from James's apartment was admitted at trial. (3) 

 Finally, James contends that he was prevented from introducing evidence of Kara's
mental health and substance abuse problems. At trial, he argued that Kara's bipolar disorder
represented a "persistent disabling mental problem" that could affect her testimony. However, James
did not present expert testimony or otherwise establish that Kara's bipolar disorder and problems
with substance abuse would have affected her ability to recall the events of the crime or to give
truthful testimony at trial. Furthermore, the jury heard evidence that Kara had been hospitalized for
two weeks for alcoholism. The district court did not abuse its discretion by excluding further
evidence of Kara's bipolar disorder and substance abuse problems. 

 Our abatement allowed James to fully explore Kara's prior sexual conduct to
determine whether admissible evidence was improperly excluded at trial. Based on this complete
record, we hold that the district court did not exclude admissible evidence under rule 412. 
Accordingly, we overrule James's second issue. 


Evidence of Other Crimes, Wrongs or Acts

 During the kidnapping, James took Kara and their child to his apartment in Travis
County. Kara testified that James held her at his apartment and repeatedly sexually assaulted her
before returning Kara to her mother's home in Williamson County the following day. James
sexually assaulted Kara again at her mother's apartment before releasing her. James objected to this
testimony arguing that, because he was on trial only for acts committed in Williamson County, the
Travis County offenses amounted to improper character evidence under rule 404(b), and the
testimony was otherwise inadmissable because its probative value was substantially outweighed by
the danger of unfair prejudice. See Tex. R. Evid. 403, 404(b). He raises the same objections in his
third issue on appeal. 

 Evidence of other crimes, wrongs, or acts is generally inadmissible to prove the
character of a person in order to show action in conformity therewith. Tex. R. Evid. 404(b). 
However, such evidence is admissible for other purposes. Id. Here, evidence of the Travis County
assaults provided necessary context to Kara's narrative of the events. The court of criminal appeals
has explained that "same transaction contextual evidence" constitutes an exception to rule of
evidence 404(b) because such evidence is necessary to the jury's understanding of the offenses
charged. See Wyatt v. State, 23 S.W.3d 18, 25 (Tex. Crim. App. 2000) ("an offense is not tried in
a vacuum" and jury entitled to know all facts and circumstances of the offense). However, this type
of evidence is admissible only to the extent it is necessary; "when the offense would make little or
no sense without bringing in the same transaction evidence." Id. (quoting England v. State, 887
S.W.2d 902, 915 (Tex. Crim. App. 1994)).

 Here, the State was entitled to present a coherent story of the offense. Much of the
defense case was devoted to questioning Kara's credibility and suggesting that she could have
escaped during the ordeal. To have excluded all of the events that occurred in Travis County would
have left an unexplained twelve-hour gap in Kara's narrative of the crime. The defense strategy
required that the State discuss the entire criminal transaction to address any question regarding the
credibility of Kara's account. The Travis County and Williamson County offenses were so
intermixed that they formed an indivisible criminal transaction, and the State was entitled to
introduce evidence of the entire transaction. See McDonald v. State, 179 S.W.3d 571, 578 (Tex.
Crim. App. 2005); Rogers v. State, 853 S.W.2d 29, 33 (Tex. Crim. App. 1993). 

 In determining whether the prejudicial effect of evidence substantially outweighs its
probative value under rule 403, we consider (1) how compellingly evidence of the extraneous offense
serves to make a fact of consequence more or less probable; (2) the extraneous offense's potential
to impress the jury in some irrational but indelible way; (3) the trial time that the proponent will
require to develop evidence of the extraneous misconduct; and (4) the proponent's need for the
extraneous transaction evidence. Wheeler v. State, 67 S.W.3d 879, 888 (Tex. Crim. App. 2002). In
light of the indivisible nature of these offenses, the State had a considerable need to provide the
entire story of the offense. Although the Travis County offenses were severe, they were similar to
those committed in Williamson County and took place in the same criminal transaction. Thus, the
Travis County offenses were unlikely to irrationally impress the jury. Weighing the relevant factors,
we hold that the probative value of the evidence of assaults in Travis County was not substantially
outweighed by any unfair prejudice. See Tex. R. Evid. 403. We overrule James's third issue.

Sufficiency of the Evidence

 In his fifth issue, James contends that the evidence was factually insufficient to
support the convictions. Although he correctly recites the standard of review, James provides no
specific argument for why the proof was factually insufficient in his case. This issue is inadequately
briefed. However, in the interest of justice, we will review the record for factual sufficiency. 

 When there is a challenge to the sufficiency of the evidence to sustain a criminal
conviction, the question presented is whether a rational trier of fact could have found the essential
elements of the offense beyond a reasonable doubt. Zuniga v. State, 144 S.W.3d 477, 484 (Tex.
Crim. App. 2004) (factual sufficiency). In a factual sufficiency review, all the evidence is considered
equally, including the testimony of defense witnesses and the existence of alternative hypotheses. 
Orona v. State, 836 S.W.2d 319, 321 (Tex. App.--Austin 1992, no pet.). We give deference to the
jury's determinations, particularly those concerning the weight and credibility of the evidence. 
Johnson v. State, 23 S.W.3d 1, 9 (Tex. Crim. App. 2000). The reviewing court may disagree with
the result only to prevent a manifest injustice. Id. The evidence will be deemed factually insufficient
to sustain the conviction if the evidence of guilt, considered alone, is too weak to support a finding
of guilt beyond a reasonable doubt, or if the strength of the contrary evidence precludes a finding of
guilt beyond a reasonable doubt. Zuniga, 144 S.W.3d at 484-85. In conducting a legal or factual
sufficiency review, we consider all the evidence, rightly or wrongly admitted. See Camarillo v.
State, 82 S.W.3d 529, 537 (Tex. App.--Austin 2002, no pet.).

 James acknowledges in his brief that the jury determines the credibility of witnesses
and that it is for the jury to choose between two equally competing theories of the case. See
Goodman, 66 S.W.3d 283, 287 (Tex. Crim. App. 2001). Here, James's convictions were based
primarily on Kara's testimony. Kara's account of the assaults and kidnapping was corroborated by
her injuries, physical evidence found at James's apartment, and James's attempt to evade the police. 
James questioned Kara's credibility through cross-examination and implied that the injuries were
sustained in the course of rough consensual sex. The jury chose to believe Kara and, on this record,
deference to that determination would not produce a miscarriage of justice. We overrule James's
fifth and final issue.


CONCLUSION

 The district court has conducted a proper hearing in accordance with rule of evidence
412 that has enabled this Court to review all of James's issues. We overrule his issues and affirm
the convictions.



 __________________________________________

 Bea Ann Smith, Justice

Before Justices Kidd, B. A. Smith and Pemberton;

 Justice Kidd Not Participating


Affirmed


Filed: June 2, 2006


Released for publication July 28, 2006. Tex. R. App. P. 47.3(c).
1. To avoid confusion, we will refer to the appellant and victim by their first names.
2. We acknowledge the district court's concern that conducting the hearing in a closed
courtroom does not alleviate the emotional impact on the victim of answering questions from the
accused regarding her past sexual conduct. However, rule 412 acts primarily as an evidentiary
shield, preventing the defendant from shifting the focus of trial from his conduct to the character of
the victim. To the extent it is shown that a witness is uniquely vulnerable or needs protection from
specific acts of intimidation, the district court has discretion to fashion a remedy that both protects
the witness and ensures adequate confrontation. See Tex. R. Evid. 611(a) (court shall exercise
reasonable control over the mode and order of interrogation of witnesses to protect witnesses from
harassment or undue embarrassment). 
3. James also elicited testimony from Gann that it was reported on Kara's hospital chart that
Kara's husband said Kara's injuries might be from rough sex with "some guy."