COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-06-272-CR

CHARLES LEE MARTIN APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM THE 89TH DISTRICT COURT OF WICHITA COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

On May 2, 2006, the trial court signed an order denying Appellant Charles Lee Martin’s motion for postconviction DNA testing.  Appellant filed a motion for new trial on May 31, 2006.  The notice of appeal was filed July 31, 2006.  Rule 26.2 of the Texas Rules of Appellate Procedure, governing the timing of the filing of a notice of appeal in a criminal case, provides in relevant part, (a) By the Defendant.  The notice of appeal must be filed:

(1) within 30 days after the day sentence is imposed or suspended in open court, or 
after the day the trial court enters an appealable order
; or

(2) within 90 days after the day 
sentence
 is imposed or suspended in open court if the defendant timely files a motion for new trial.
(footnote: 2)

A plain reading of the rule reveals that a timely-filed motion for new trial can only extend the deadline for filing an appeal from the imposition or suspension of a sentence; it cannot extend the deadline for filing an appeal from a mere “appealable order.”
(footnote: 3)  Consequently, Appellant’s notice of appeal was due June 1, 2006.

Because the notice of appeal was untimely and it appeared we lacked jurisdiction, we sent a letter to Appellant on January 10, 2007, requesting a response showing grounds for continuing the appeal.  Appellant’s response attempts to distinguish orders denying postconviction DNA motions from other “appealable orders” by arguing that article 64.05 of the Texas Code of Criminal Procedure authorizes the extension of the appellate deadline based on timely-filed motion for new trial. Specifically, Appellant relies on the language in the statute providing that “[a]n appeal under this chapter is to a court of appeals in the same manner as an appeal of any other criminal matter”
(footnote: 4) to support his argument that a motion for new trial should extend the appellate deadline in this case.  Appellant does not address the plain language of rule 26.2(a), nor does he successfully distinguish this “criminal matter” from criminal matters involving the placement of a defendant on deferred adjudication community supervision or the denial of habeas relief.
(footnote: 5)  We therefore conclude that Appellant’s response does not show grounds for continuing the appeal.

A notice of appeal that complies with the requirements of rule 26 is essential to vest this court with jurisdiction.
(footnote: 6)  Because Appellant’s notice of appeal was untimely filed, we have no jurisdiction to take any action, including ruling on appellate counsel’s motion to withdraw.  Accordingly, we dismiss this case for want of jurisdiction.
(footnote: 7)
 PER CURIAM

PANEL F: DAUPHINOT, HOLMAN, and GARDNER, JJ.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED:  February 22, 2007

FOOTNOTES
1:
See
 
Tex. R. App. P.
 47.4.

2:
Tex. R. App. P.
 26.2(a) (emphasis added).

3:
Id.
; 
see Welsh v. State
, 108 S.W.3d 921 (Tex. App.—Dallas 2003, no pet.) (holding motion for new trial filed after dismissal of request for DNA testing does not extend deadline for filing notice of appeal);
 see also Donovan v. State
, 68 S.W.3d 633, 636 (Tex. Crim. App. 2002) (“Because Rule 21 provides for the trial court to rule on a motion for new trial within 75 days after imposing or suspending sentence, the rule indicates that a motion for new trial is not available at the time adjudication is deferred.”);
 Ex parte Delgado
, No. 08-05-00306-CR, 2006 WL 3248398, at *2 (Tex. App.—El Paso Nov. 9, 2006, pet. filed) (mem. op.) (holding order denying habeas relief does not impose or suspend a sentence and therefore motion for new trial does not extend appellate timetable); 
Murray v. State
, 89 S.W.3d 187, 188 (Tex. App.—Dallas 2002, pet. ref'd) (holding motion for new trial does not extend time for filing notice of appeal in cases in which defendant is appealing order deferring adjudication of guilt).

4:
Tex. Code Crim. Proc. Ann.
 art. 64.05 (Vernon 2006).

5:
See Delgado
, No. 08-05-00306-CR, 2006 WL 3248398, at *2; 
Murray
, 89 S.W.3d at 188.

6:
Tex. R. App. P.
 26.2(a)(1)
.

7:
See 
Tex. R. App. P.
 26.2(a)(1), 43.2(f).