COURT OF APPEALS

                                                 SECOND
DISTRICT OF TEXAS

                                                                FORT
WORTH

 

 

                                        NO.
2-06-272-CR

 

 

CHARLES LEE MARTIN                                                         APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

             FROM
THE 89TH DISTRICT COURT OF WICHITA COUNTY

 

                                              ------------

 

                                MEMORANDUM
OPINION[1]

 

                                              ------------








On May 2,
2006, the trial court signed an order denying Appellant Charles Lee Martin=s motion for postconviction DNA testing.  Appellant filed a motion for new trial on May
31, 2006.  The notice of appeal was filed
July 31, 2006.  Rule 26.2 of the Texas
Rules of Appellate Procedure, governing the timing of the filing of a notice of
appeal in a criminal case, provides in relevant part,        (a) By the Defendant. 
The notice of appeal must be filed:

(1) within 30 days after the day sentence is
imposed or suspended in open court, or after the day the trial court enters
an appealable order; or

 

(2) within 90 days after the day sentence
is imposed or suspended in open court if the defendant timely files a motion
for new trial.[2]

 

A plain reading of the rule
reveals that a timely-filed motion for new trial can only extend the deadline
for filing an appeal from the imposition or suspension of a sentence; it cannot
extend the deadline for filing an appeal from a mere Aappealable order.@[3]  Consequently, Appellant=s notice of appeal was due June 1, 2006.








Because the notice of appeal
was untimely and it appeared we lacked jurisdiction, we sent a letter to
Appellant on January 10, 2007, requesting a response showing grounds for
continuing the appeal.  Appellant=s response attempts to distinguish orders denying postconviction DNA
motions from other Aappealable
orders@ by arguing that article 64.05 of the Texas Code of Criminal Procedure
authorizes the extension of the appellate deadline based on timely-filed motion
for new trial. Specifically, Appellant relies on the language in the statute
providing that A[a]n appeal
under this chapter is to a court of appeals in the same manner as an appeal of
any other criminal matter@[4] to support his argument that a motion for new trial should extend the
appellate deadline in this case. 
Appellant does not address the plain language of rule 26.2(a), nor does
he successfully distinguish this Acriminal matter@ from
criminal matters involving the placement of a defendant on deferred
adjudication community supervision or the denial of habeas relief.[5]  We therefore conclude that Appellant=s response does not show grounds for continuing the appeal.








A notice of appeal that
complies with the requirements of rule 26 is essential to vest this court with
jurisdiction.[6]  Because Appellant=s notice of appeal was untimely filed, we have no jurisdiction to take
any action, including ruling on appellate counsel=s motion to withdraw. 
Accordingly, we dismiss this case for want of jurisdiction.[7]

PER CURIAM

PANEL F:    DAUPHINOT, HOLMAN,
and GARDNER, JJ.

DO
NOT PUBLISH

Tex. R. App. P. 47.2(b)

 

DELIVERED:  February 22, 2007

 











[1]See Tex.
R. App. P. 47.4.





[2]Tex. R.
App. P. 26.2(a)
(emphasis added).





[3]Id.; see Welsh v. State, 108
S.W.3d 921 (Tex. App.CDallas 2003, no pet.) (holding
motion for new trial filed after dismissal of request for DNA testing does not
extend deadline for filing notice of appeal); see also Donovan v. State,
68 S.W.3d 633, 636 (Tex. Crim. App. 2002) (ABecause Rule 21 provides for the trial court to rule on a
motion for new trial within 75 days after imposing or suspending sentence, the
rule indicates that a motion for new trial is not available at the time
adjudication is deferred.@); Ex parte Delgado, No. 08‑05‑00306‑CR,
2006 WL 3248398, at *2 (Tex. App.CEl Paso Nov. 9, 2006, pet. filed) (mem. op.) (holding order
denying habeas relief does not impose or suspend a sentence and therefore
motion for new trial does not extend appellate timetable); Murray v. State,
89 S.W.3d 187, 188 (Tex. App.CDallas 2002, pet. ref'd) (holding motion for new trial does
not extend time for filing notice of appeal in cases in which defendant is
appealing order deferring adjudication of guilt).





[4]Tex. Code
Crim. Proc. Ann. art.
64.05 (Vernon 2006).





[5]See Delgado, No. 08‑05‑00306‑CR,
2006 WL 3248398, at *2; Murray, 89 S.W.3d at 188.





[6]Tex. R.
App. P. 26.2(a)(1).





[7]See Tex. R.
App. P. 26.2(a)(1),
43.2(f).