Dismissed and Memorandum Opinion filed October 2, 2008








Dismissed
and Memorandum Opinion filed October 2, 2008.

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-08-00469-CR

NO. 14-08-00475-CR

____________

 

SPENSER DOUGLAS HORTON, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the
262nd District Court

Harris County, Texas

Trial Court Cause No. 1153992

 



 

M E M O R A N D U M   O P I N I O N








Appellant
entered a plea of guilty without an agreed recommendation on punishment to
burglary of a habitation with intent to commit theft.  On April 10, 2008, the
trial court deferred a finding of guilt and placed appellant on community
supervision for ten years.  Appellant filed a motion for new trial on May 9,
2008, which the trial court denied on June 3, 2008.  Appellant=s notice of appeal was not filed
until June 4, 2008.[1]  

Rule 21
of the Texas Rules of Appellate Procedure governs new trials in criminal
cases.  Tex. R. App. P. 21.  A
new trial is defined as Athe rehearing of a criminal action after the trial court has,
on the defendant's motion, set aside a finding or verdict of guilt.@  Tex.
R. App. 21.1.  Because there is no finding or verdict of guilt in a
deferred adjudication, the Court of Criminal Appeals has held that a motion for
new trial is not permissible when a defendant is placed on deferred
adjudication.  Donovan v. State, 68 S.W.3d 633, 636 (Tex. Crim. App.
2002).  The Court of Criminal Appeals noted that a deferred adjudication
defendant could move to withdraw his original plea after requesting final
adjudication, at which time the trial court would be empowered to rule on the
motion or hear evidence concerning any reasons for permitting withdrawal,
including allegations that the plea was entered involuntarily.  Id. at
637. 

To
perfect an appeal from the deferred adjudication order, appellant was required
to file his notice of appeal within thirty days after the order was rendered on
April 10, 2008.  See Tex. R. App.
P. 26.2(a)(1).  The filing of a motion for new trial after an order
deferring adjudication does not extend the time for filing notice of appeal
under Rule 26.2(a)(2).  Garcia v. State, 29 S.W.3d 899, 901 (Tex. App.CHouston [14th Dist.] 2000, no pet.);  see
also Labib v. State, 239 S.W.3d 322, 329‑30 (Tex. App.CHouston [1st Dist.] 2007, no pet.);  Murray
v. State, 89 S.W.3d 187, 188 (Tex. App.CDallas 2002, pet. ref=d);  Hammack v. State, 963
S.W.2d 199, 200 (Tex. App.CAustin 1998, no pet.);  but see Vu v. State, 985
S.W.2d 613, 614 (Tex. App.C‑Fort Worth,1999, no pet.) (treating appellant=s motion to withdraw plea as untimely
motion for new trial after order deferring adjudication).








In
response to this Court=s notice of intent to dismiss, appellant argues that his
motion for new trial is the functional equivalent of a motion to withdraw his
guilty plea, and he has the right to file a motion to withdraw his plea after
imposition of deferred adjudication, citing Labib, 239 S.W.3d at
330-31.  A motion to withdraw a guilty plea does not extend the time for
perfecting an appeal, however.  See Tex.
R. App. P. 26.2(a)(2).  An order denying a motion to withdraw a guilty
plea is also not a separately appealable order.  See generally Tex. Code Crim. Proc. Ann. art. 44.02
(Vernon 2006).  Therefore, even if this Court construed the motion as a motion
to withdraw the guilty plea, appellant=s notice of appeal is untimely.

A notice
of appeal that complies with the requirements of Rule 26 is essential to vest
the court of appeals with jurisdiction.  Slaton v. State, 981 S.W.2d
208, 210 (Tex. Crim. App. 1998).  If an appeal is not timely perfected, a court
of appeals does not obtain jurisdiction to address the merits of the appeal and
it can take no action other than to dismiss the appeal.  Id.

Accordingly,
the appeals are ordered dismissed.

 

PER
CURIAM

 

Judgment rendered and Memorandum Opinion filed October
2, 2008.

Panel consists of Chief Justice Hedges and Justices
Guzman and Brown. 

Do Not Publish C Tex. R. App. P.
47.2(b).

 









[1]  The Harris County District Clerk=s office assigned this Court a separate appeal from
the denial of appellant=s motion for new trial.  Therefore, these two appeals
concern the same underlying offense.