Dismissed and Memorandum Opinion filed September 30,
2010.

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-10-00886-CR

____________

 

MILES DAVID WASHINGTON, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 230th District Court

Harris County, Texas

Trial Court Cause No. 1253634

 



 

MEMORANDUM 
 OPINION

Appellant
entered a guilty plea to possession of less than one gram of cocaine. 
Pursuant to a plea bargain agreement with the State, on June 16, 2010, the
trial court deferred a finding of guilt, placed appellant on community
supervision for two years, and assessed a $200 fine.  The trial court
amended the conditions of community supervision on June 21, 2010, and July 8,
2010.  Appellant filed an untimely motion for new trial and notice of
appeal on September 3, 2010. 

We lack
jurisdiction over this appeal.  First, the trial court entered a
certification of the defendant’s right to appeal in which the court certified
that this is a plea bargain case, and the defendant has no right of
appeal.  See Tex. R.
App. P. 25.2(a)(2).  The
trial court’s certification is included in the record on appeal.  See
Tex. R. App. P. 25.2(d).  The record supports
the trial court’s certification.  See Dears v. State, 154 S.W.3d
610, 615 (Tex. Crim. App. 2005).

In
addition, appellant’s notice of appeal is untimely.  A defendant’s notice
of appeal must be filed within thirty days after the trial court has entered an
appealable order when the defendant has not filed a timely motion for new
trial.  See Tex. R. App. P. 26.2(a)(1).
 Because there has been no finding of guilt, a motion for new trial is not
available at the time adjudication of guilt is deferred.  See Donovan
v. State, 68 S.W.3d 633, 636 (Tex. Crim. App .2002); see also Tex.
R. App. P. 21.4 (requiring motion for new trial to be filed no later than 30
days after the trial court imposes or suspends sentence).  A motion
for new trial is not effective to extend the time for filing a notice of appeal
when adjudication of guilt is deferred.  See Garcia v. State, 29 S.W.3d 899, 901 (Tex. App.—Houston
[14th Dist.] 2000, no pet.).  A notice of appeal which complies with the
requirements of Rule 26 is essential to vest the court of appeals with
jurisdiction.  Slaton v. State, 981 S.W.2d 208, 210 (Tex. Crim.
App. 1998).  If an appeal is not timely perfected, a court of appeals does
not obtain jurisdiction to address the merits of the appeal and the court can
take no action other than to dismiss the appeal.  Id.

Accordingly,
the appeal is ordered dismissed.

 

PER
CURIAM

 

Panel consists of Chief Justice Hedges and Justices
Yates and Sullivan.

Do Not Publish — Tex.
R. App. P. 47.2(b).