**DISMISS; Opinion issued April 18, 2013**



In The

**Court of Appeals**

**Fifth District of Texas at Dallas**

**No. 05-13-00011-CR**

**COURTNEY RAE THACKER, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the County Court at Law No. 5**
**Collin County, Texas**
**Trial Court Cause No. 005-82874-11**

## MEMORANDUM OPINION

Before Chief Justice Wright and Justices Myers and Evans
Opinion by Chief Justice Wright

After the trial court denied Courtney Ray Thacker's motion to suppress, she pleaded guilty to possession of marijuana under two ounces. The trial court deferred adjudicating guilt, placed appellant on twelve months' community supervision, and assessed a $300 fine. The deferred adjudication supervision was imposed in open court on September 26, 2012. Appellant filed a motion for new trial on October 25, 2012 and a notice of appeal on December 21, 2012. We conclude we lack jurisdiction over this appeal.

"Jurisdiction concerns the power of a court to hear and determine a case." *Olivo v. State*, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996). The jurisdiction of an appellate court must be legally invoked, and, if not, the power of the court to act is as absent as if it did not exist. *See id*. at 523. To invoke the appellate court's jurisdiction, a notice of appeal must be timely filed. *See id*.; *see also Slaton v. State*, 981 S.W.2d 208, 210 (Tex. Crim. App. 1998) (per curiam).

A motion for new trial is not an available remedy for a defendant who receives deferred adjudication. *Donovan v. State*, 68 S.W.3d 633, 636 (Tex. Crim. App. 2002). Therefore, it is not effective to extend the time for filing a notice of appeal in a case in which the defendant has received deferred adjudication. *Murray v. State*, 89 S.W.3d 187, 188 (Tex. App.—Dallas 2002, pet. ref'd). A notice of appeal from an order deferring adjudication of guilt must be filed within thirty days of the date the deferred adjudication is ordered. *See id.*; *see also* TEX. R. APP. P. 26.2(a)(1).

Here, the trial court ordered the deferred adjudication on September 26, 2012. Therefore, appellant's notice of appeal was due by October 26, 2012. *See* TEX. R. APP. P. 26.2(a)(1). Appellant's December 21, 2012 notice of appeal is untimely, leaving us without jurisdiction over the appeal. *See Murray*, 89 S.W.3d at 188.

We dismiss the appeal for want of jurisdiction.[1]

/Carolyn Wright/
CAROLYN WRIGHT
CHIEF JUSTICE

Do Not Publish
TEX. R. APP. P. 47
13011F.U05

---

[1] Due to our disposition of the appeal, we do not address appellant's April 3, 2013 motion to amend her notice of appeal in this case to include a second trial court cause number (005-87043-11) that was handled in the same September 26, 2012 proceeding. No separate notice of appeal was filed for the second trial court cause.



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

COURTNEY RAE THACKER, Appellant

No. 05-13-00011-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the County Court at Law No. 5, Collin County, Texas
Trial Court Cause No. 005-82874-11.
Opinion delivered by Chief Justice Wright, Justices Myers and Evans participating.

Based on the Court's opinion of this date, we **DISMISS** the appeal for want of jurisdiction.


Judgment entered April 18, 2013.


/Carolyn Wright/
CAROLYN WRIGHT
CHIEF JUSTICE

–3–