

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-20-00176-CR

ROSARIO REYNA-REYES, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 26th District Court
Williamson County, Texas
Trial Court No. 18-2202-K26, Honorable Donna King, Presiding

August 18, 2020

## MEMORANDUM OPINION

Before QUINN, C.J., and PIRTLE and DOSS, JJ.

Appellant, Rosario Reyna-Reyes, appeals from the trial court's order placing her on deferred adjudication community supervision for the offense of possession of a controlled substance. We dismiss the appeal for want of jurisdiction.

The timely filing of a written notice of appeal is a jurisdictional prerequisite to hearing an appeal. *Castillo v. State*, 369 S.W.3d 196, 198 (Tex. Crim. App. 2012). In a criminal case, a notice of appeal must be filed within thirty days after sentence is imposed or the trial court enters an appealable order, or within ninety days if the defendant timely files a motion for new trial. TEX. R. APP. P. 26.2(a). If a notice of appeal is not timely filed,

we have no option but to dismiss the appeal for want of jurisdiction. *Castillo*, 369 S.W.3d at 198.

Here, the trial court signed the order of deferred adjudication on January 22, 2020. No motion for new trial was filed. Appellant's notice of appeal was, therefore, due within thirty days after the order was entered, by February 21, 2020. TEX. R. APP. P. 26.2(a). Appellant did not file a notice of appeal until April 13, 2020. Accordingly, her untimely filed notice of appeal prevents this court from acquiring jurisdiction over the appeal.

By letter of July 23, 2020, we notified appellant of the consequences of the late notice of appeal and directed her to demonstrate grounds for continuing the appeal by August 5 or the appeal would be dismissed for want of jurisdiction. On August 6, 2020, appellant's counsel filed a motion seeking an extension of time to respond. In the motion, counsel asserts that he "still needs to review the court reporter's record to determine if there are relevant facts contained therein pertaining to the issue of jurisdiction." We deny the motion. The time to file a notice of appeal from an order of deferred adjudication is triggered by the date the order is rendered. *Garcia v. State*, 29 S.W.3d 899, 901 (Tex. App.—Houston [14th Dist.] 2000, no pet.). Therefore, the transcript of the hearing at which appellant was placed on deferred adjudication is irrelevant to the jurisdictional inquiry, and appellant has not illustrated otherwise.

For these reasons, we dismiss the appeal for want of jurisdiction.[1]

Per Curiam

Do not publish.

---

[1] Furthermore, to the extent appellant seeks to appeal from the trial court's *Order Amending Conditions of Probation (In Absentia)* signed on April 13, 2020, we also lack jurisdiction over the appeal as there is no constitutional or statutory authority permitting a direct appeal from an order modifying conditions of community supervision. *See Basaldua v. State*, 558 S.W.2d 2, 5 (Tex. Crim. App. 1977).