**David M. DONOVAN, Appellant,**

v.

**The STATE of Texas.**

No. 1310–00.

Court of Criminal Appeals of Texas,
En Banc.

Jan. 30, 2002.

---

_____

Rosa A. Eliades, Mary Connealy Acosta, Houston, for Appellant.

Dan McCrory, Asst. DA, Houston, Matthew Paul, State's Atty., Austin, for State.

## OPINION

KELLER, P.J., delivered the opinion of the Court in which MEYERS, KEASLER, HERVEY, and COCHRAN, JJ., joined.

In accordance with a plea agreement, appellant was placed on deferred adjudication. He subsequently filed a motion for new trial, claiming that his plea was involuntary because he was unaware of (and his attorney failed to inform him of) the numerous conditions of probation that could be assessed. Denying the motion for new trial without a hearing, the trial court held that it did not have the authority to hear or grant a motion for new trial. Relying upon Rule 21 of the Texas Rules of Appellate Procedure [1] and Article 42.12 of the Texas Code of Criminal Procedure,[2] the Court of Appeals affirmed, holding that the trial court properly declined to consider a motion for new trial absent an adjudication.[3] The Court of Appeals held that, if appellant wished to challenge the voluntariness of his plea in a motion for new trial setting, he had to first move for adjudication within thirty days in accordance with Article 42.12, § 5(a).[4] We shall affirm.

### 1. Standards of construction

We begin with the applicable rules of construction. In *Boykin,* we said that a statute is to be interpreted solely in accordance with the plain meaning of its language, unless the language is ambiguous or the plain meaning leads to absurd results.[5] But *Boykin's* strictures do not apply to the interpretation of court rules; appellate courts may consider extratextual sources even absent ambiguity or absurd results.[6] Nevertheless, even for court-made rules, the plain language is a good place to begin.[7]

### 2. No motion for new trial before adjudication

Rule 21.1 defines "new trial" as "the rehearing of a criminal action after the trial court has, on the defendant's motion, set aside a finding or verdict of guilt." Several sources make clear that a "verdict of guilt" is a jury's assessment of guilt in a jury trial while a "finding of guilt" is a judge's assessment of guilt in a bench trial. Rule 21.1 traces its lineage to former Article 40.01, which was repealed upon imple-

---

1. All future references to Rules are to the Rules of Appellate Procedure.

2. All future references to Articles refer to the Code of Criminal Procedure.

3. *Donovan v. State,* 17 S.W.3d 407 (Tex.App.-Houston [1st Dist.] 2000).

4. *Id.* at 409.

5. *Boykin v. State,* 818 S.W.2d 782, 785 (Tex. Crim.App.1991).

6. *See Henderson v. State,* 962 S.W.2d 544, 551–552 (Tex.Crim.App.1997).

7. *Id.* at 552.

mentation of the Rules of Appellate Procedure. Former Article 40.01 defined a "new trial" as "the rehearing of a criminal action, after verdict, before the judge or another jury." Similarly, Article 42.01 designates a jury's assessment of guilt as a "verdict" and a judge's assessment of guilt as a "finding":

> The judgment should reflect:
>
> \* \* \*
>
> 7. The verdict or verdicts of the jury or the finding or findings of the court;
>
> 8. In the event of a conviction that the defendant is adjudged guilty of the offense as found by the verdict of the jury or the finding of the court, and that the defendant be punished in accordance with the jury's verdict or the court's finding as to the proper punishment.

Under the deferred adjudication scheme, a judge does not make a "finding of guilt"; instead the judge makes a finding that the evidence "substantiates the defendant's guilt" and then defers the adjudication.[8] Appellant argues that a finding that the evidence substantiates guilt *is* a finding of guilt. But this construction of Art. 42.12 § 5 is inconsistent with our holdings on the meaning of deferred adjudication. A deferred adjudication is often referred to as a deferral of a finding of guilt.[9] Trial courts routinely say, upon adjudication, that they "find (the defendant) guilty." [10] A defendant on deferred adjudication has not been found guilty.[11] That is one of the signal benefits of deferred adjudication as opposed to, for instance, regular community supervision. When adjudication is deferred, there is no "finding or verdict of guilt." Because there is no finding or verdict of guilt, there is nothing that can be set aside so as to create an occasion for implementation of Rule 21.

Other portions of Rule 21 support this conclusion. Rule 21.4(a) permits the defendant to "file a motion for new trial before, but no later than 30 days after, the date when the trial court imposes or suspends sentence in open court." Rule 21.8 provides that the trial court "must rule on a motion for new trial within 75 days after imposing or suspending sentence in open court." Under the deferred adjudication scheme, there is no conviction, and therefore, no sentence to impose or suspend. Because Rule 21 provides for the trial court to rule on a motion for new trial within 75 days *after* imposing or suspending sentence, the rule indicates that a motion for new trial is not available at the time adjudication is deferred.

Appellant contends that *Manuel*[12] requires treating deferred adjudication and regular probation the same in the motion for new trial setting. It is true that we stated in *Manuel* that Article 44.01(j) was enacted "to permit defendants to appeal from deferred adjudication community supervision to the same extent (i.e. with the same rights and restrictions) as defendants are permitted to appeal from 'regular' community supervision." [13] But, appellant's argument draws a false analogy and is, thus, logically flawed. Appeals and motions for new trial are not the same. The fact that deferred adjudication defendants

---

8. Article 42.12 § 5(a)(first sentence).

9. *See,* e.g., *Issa v. State,* 826 S.W.2d 159, 161 (Tex.Crim.App.1992).

10. *See Id.* at 160.

11. *Watson v. State,* 924 S.W.2d 711, 715 (Tex. Crim.App.1996)("Of course, an accused who has been placed on deferred adjudication probation has been neither convicted nor found guilty.")

12. *Manuel v. State,* 994 S.W.2d 658 (Tex. Crim.App.1999).

13. *Id.* at 661.

are given the same right to appeal does not mean that they are treated the same as regular probation defendants in other respects. Significantly, the two different dispositions often have different finality consequences.[14] Having the same right to appeal does not necessarily entail having the same right to a trial court's consideration of a motion new trial.

### 3. Other avenues of relief

■ The existence of other avenues of relief lends support to our conclusion that a motion for new trial is not an available remedy and also mitigates against the potential harshness of that conclusion. The Code of Criminal Procedure affords two avenues of relief. First, a defendant can move for adjudication within thirty days:

> However, upon written motion of the defendant requesting final adjudication filed within 30 days after entering such plea and the deferment of adjudication, the judge shall proceed to final adjudication *as in all other cases.*[15]

Under the language of the provision, the defendant's status on his own motion to adjudicate is somewhat different from the status of a person facing revocation of his deferred adjudication for violating a condition of probation. In the latter instance, proceedings resume *after* adjudication:

> On violation of a condition of community supervision imposed under Subsection (a) of this section, the defendant may be arrested and detained as provided in Section 21 of this article. The defendant is entitled to a hearing limited to the determination by the court of whether it proceeds with an adjudication of guilt on the original charge. No appeal may be taken from this determination. *After an adjudication of guilt,* all proceedings, including the assessment of punishment, pronouncement of sentence, granting of community supervision, and defendant's appeal continue as if the adjudication of guilt had not been deferred.[16]

By contrast, the provision that allows adjudication upon the defendant's motion provides that, upon such motion, the judge shall proceed to final adjudication "as in all other cases"—indicating that, once the defendant requests final adjudication, the proceedings resume at the point *immediately before* the trial judge deferred adjudication and as if adjudication had not been deferred. Under those circumstances, the defendant is in the same position he would be in if he had pled guilty and the judge had taken the case under advisement. In that situation, if the defendant asks to withdraw his plea, the trial judge is empowered to permit or deny such withdrawal, within his sound discretion.[17] The trial judge also has discretion to authorize a hearing on the subject, at which time he can hear the defendant's evidence concerning any reasons for permitting withdrawal, including allegations that the plea was involuntary.

■ If the trial judge refuses to permit withdrawal of the plea and refuses to hear evidence on the matter, proceedings will continue normally, through judgment and sentence. All appellate timetables

---

14. *Jordan v. State,* 36 S.W.3d 871, 876–877 (Tex.Crim.App.2001).

15. Article 42.12, § 5(a)(last sentence)(emphasis added).

16. Article 42.12, § 5(b).

17. *DeVary v. State,* 615 S.W.2d 739, 740 (Tex. Crim.App.1981). The Court of Appeals indicated that a trial judge could grant a request to withdraw the plea even if the defendant has not yet moved for final adjudication. *Donovan,* 17 S.W.3d at 410. We express no opinion on whether a trial court may employ such a procedure.

start from the time the trial judge imposes or suspends sentence in open court pursuant to a final adjudication. Any previously filed notice of appeal is rendered ineffective as being premature.[18] A motion for new trial may be filed, in accordance with the rules as in any other case in which a defendant is convicted and sentenced. The defendant will then have the opportunity to raise in that motion any alleged errors in the proceedings, including questions about the voluntariness of the plea, and procure a hearing, assuming the defendant has met the prerequisites for obtaining such a hearing. If relief is not granted by the trial court, the appeal from final adjudication will be the first and only appeal of the defendant's conviction, and *Manuel's* prohibitions against attacking the original plea will not apply.[19]

If a defendant fails to move for final adjudication within thirty days, he has another available avenue for relief: an application for writ of habeas corpus under Article 11.08 or 11.09.[20] A claim that the plea was involuntary is cognizable in such a proceeding.[21]

### 4. Conclusion

The trial court correctly concluded that it had no authority to consider a motion for new trial before adjudication. The judgment of the Court of Appeals is affirmed.

PRICE, J., filed a dissenting opinion, in which JOHNSON and HOLCOMB, JJ., joined.

WOMACK, J. filed a dissenting opinion in which JOHNSON, J. joined.

PRICE, J., filed a dissenting opinion, in which JOHNSON and HOLCOMB, J.J., joined.

"The fear I have and why I write is that this Court's past and present decisions on deferred adjudication leave the Bench and Bar in some quarters of this State in a state of perplexity, confusion and anxiety." *McDougal v. State,* 610 S.W.2d 509, 510 (Tex.Crim.App.1981) (Teague, J., concurring). These words are as true today as they were when written more than twenty years ago.

We granted review in this case to determine whether a trial court is authorized to rule on a motion for new trial filed by a defendant who has been placed on deferred adjudication community supervision. The majority concludes that the trial court may not. I disagree.

With certain limitations, we have the authority to determine what may be reviewed in a motion for new trial and in a writ application. Our case law dictates what claims may be heard in habeas proceedings, and the Rules of Appellate Procedure dictate from what proceedings a motion for new trial may be ruled upon. What remains for us to decide is which avenue of relief is most appropriate to raise the voluntariness of the plea after an order imposing deferred adjudication supervision.

The majority's main argument for holding that a motion for new trial is unavailable to defendants whose adjudication has been deferred is that a motion for new

18.  Rule 27.1(b).

19.  But, if there is a plea agreement, the defendant's notice of appeal must comply with Rule 25.2(b)(3). *See Cooper v. State,* 45 S.W.3d 77 (Tex.Crim.App.2001). Neither the Court of Appeals nor the parties have addressed the effect of Rule 25.2(b)(3) on the

present appeal; so, we have no occasion to address the issue.

20.  *See Jordan v. State,* 54 S.W.3d 783, 786–87 (Tex.Crim.App.2001).

21.  *Id.* at 784–85.

trial requires a finding or verdict of guilt, neither of which is had in the context of deferred adjudication. The majority cites Rule 21.1, which defines the motion for new trial as "the rehearing of a criminal action after the trial court has, on the defendant's motion, set aside a finding or verdict of guilt." Tex.R.App. P. 21.1.[1]

Little material difference exists between a trial court's finding the defendant guilty and the same court finding the evidence substantiates the defendant's guilt, which is the finding in deferred adjudication proceedings. Both findings lead to the same conclusion: The evidence is sufficient to support conviction. The difference is that the deferred adjudication defendant has not been convicted. This difference, without more, is not significant enough to deny a trial court the authority to rule on a motion for new trial in this context.

The predecessor to Rule 21.1 was former Code of Criminal Procedure article 40.01. That article defined a "new trial" as "the rehearing of a criminal action, after verdict, before the judge or another jury." Acts of 1965, 59th Leg., R.S., ch. 722, 1965 Tex. Gen. Laws 317, *repealed by* Acts of 1985, 69th Leg., R.S., ch. 685, § 4, 1985 Tex. Gen. Laws 2472. Apparently, the legislature did not envision a motion for new trial proceeding after a bench trial because it did not provide for a new trial after a finding of guilt.

The only material difference between a finding or verdict of guilt is the means by which the conclusion was reached: bench or jury trial. The difference does not change the policy behind allowing a motion for new trial and giving the trial judge the authority to undo the proceedings. We recognized this when we permitted motions for new trial to be heard after a

finding (bench trial) or verdict (jury trial) of guilt. *See* Tex.R.App. P. 21.1. The differences between the imposition of deferred adjudication and regular community supervision are also not significant enough to warrant different treatment regarding motion for new trial practice.

When a potential error has occurred and is brought to the attention of the trial court in a motion for new trial, I see no advantage to the defendant, the State, or society to forbid the trial court to rule on the merits of the claim. The motion for new trial gives the trial judge an opportunity, while he still has jurisdiction, to fix potential errors before the case is appealed a higher court. The trial judge, who is already familiar with the case, is in a better position to review the merits of the claim.

The fact that there are other remedies available to the deferred adjudication defendant does not weigh in favor of the majority's position. Defendants who receive regular community supervision also have other remedies. They too can file an application for writ of habeas corpus, and we do not use that reason to deny the trial court the authority to rule on the merits of the motion for new trial. It simply makes more sense to give the trial court an opportunity to rule on the merits in temporal proximity to the events under review.

The majority says that we treat deferred adjudication defendants differently in some situations, but fails to explain why they should be treated differently in this instance. Consider the legislature's purpose in creating deferred adjudication: to give trial judges the discretion to avoid a conviction when it serves the best interest of society and the defendant. Tex.Code

---

1. The majority notes that Rule 21.1 comes from former Code of Criminal Procedure article 40.01, which defined a new trial as "the rehearing of a criminal action, after verdict, before the judge or another jury."

Crim. Proc. art. 42.12 § 5(a). The legislature gives trial judges the authority to defer adjudication, but the majority denies trial judges the authority to grant a new trial if mistakes were made in the proceedings.

I disagree with the majority's conclusion that a motion for new trial is not authorized after deferred adjudication proceedings. Therefore, I respectfully dissent.

WOMACK, J., filed a dissenting opinion in which JOHNSON, J., joined.

The Court holds that because Rule of Appellate Procedure 21 says a motion for new trial may not be filed later than 30 days after the date of sentence,[1] and must be decided within 75 days after the date of sentence,[2] no new trial may be sought or granted at any time in a case in which there is no sentence. I believe this gives more weight to the rule than it will bear. The most that can be said about the rule is that it is silent about time deadlines in cases in which there is no sentence. I would not be bound to infer from such silence that the rule-makers made and promulgated any rule about the availability of a new trial in a case in which there was no sentence.

Rather than force the parties and the courts to go through the agonizing decisions and needless procedures involved in obtaining a sentence in order to come within the deadline-rule, I would say this: There is nothing in the law that permits, forbids, or provides deadlines for, new trials in criminal cases in which there is no sentence. The people, through the legislative and executive branches of government, have given this Court authority to establish procedures for granting new trials in criminal cases.[3] Until the Court can

amend Rule of Appellate Procedure 21 later this year to speak specifically to cases in which there is no sentence, for purposes of calculating time deadlines in such a case the term *impose or suspend sentence* shall include imposing community supervision.

I respectfully dissent.