NO. 12-01-00285-CR



IN THE COURT OF APPEALS
 


TWELFTH COURT OF APPEALS DISTRICT



TYLER, TEXAS


JAMES HENRY STEWART,
§
 APPEAL FROM THE 114TH

APPELLANT


V.
§
 JUDICIAL DISTRICT COURT OF


THE STATE OF TEXAS,

APPELLEE
§
 SMITH COUNTY, TEXAS

 

Memorandum Opinion (1)

 Appellant James Henry Stewart appeals his conviction for the felony offense of sexual assault
of a child. Without addressing the merits of Appellant's single issue, we dismiss the appeal for want
of jurisdiction.

 In early 1999, Appellant pleaded "not guilty" to the offense of sexual assault of a child, and
the case was tried to a jury. However, the jury was unable to reach a verdict, and Appellant's motion
for mistrial was granted. 

 In June of 1999, another jury was selected, but Appellant changed his plea to "guilty" and
waived a jury trial. Pursuant to a plea bargain agreement, the trial court deferred further proceedings
without entering a finding of guilt and placed Appellant on deferred adjudication probation for a
period of ten years. 

 In August of 2001, the State filed a motion to adjudicate Appellant's guilt and revoke his
probation. Appellant then filed a motion for new trial seeking to withdraw his guilty plea because
it was involuntary. That motion was denied.

 In September of 2001, Appellant pleaded "true" to the allegations in the motion to adjudicate. 
The trial court entered a finding of guilt and assessed Appellant's punishment at sixteen years of
incarceration and a fine of $5,000.00. 

 Subsequently, Appellant filed a notice of appeal purporting to appeal the trial court's denial
of his motion for new trial based on the voluntariness of his guilty plea. In one issue, Appellant
contends that his guilty plea was involuntary because the trial court failed to properly admonish him
and because the trial court failed to order a pre-sentence investigation.

 Ordinarily, a defendant placed on deferred adjudication community supervision may raise
issues relating to the original plea proceeding only in appeals taken when deferred adjudication
community supervision is first imposed. Manuel v. State, 994 S.W.2d 658, 661-62 (Tex. Crim.
App. 1999). A defendant who has been placed on deferred adjudication probation and seeks to
contest the voluntariness of his plea may seek relief through habeas corpus proceedings. Donovan
v. State, 68 S.W.3d 633, 638 (Tex. Crim. App. 2002). Appellant did not seek habeas relief but
instead filed a motion for new trial. To contest the voluntariness of his plea in a motion for new trial,
a defendant who is placed on deferred adjudication probation must move for adjudication within
thirty days of the date probation is granted and then file a motion for new trial after judgment and
sentence. Id. at 637-38. If relief is not granted by the trial court, an appeal from final adjudication
will be the first and only appeal of the defendant's conviction, and Manuel's prohibitions against
attacking the original plea will not apply. Id. at 638. However, a trial court has no authority to
consider a motion for new trial filed before final adjudication. Id. In the instant case, Appellant did
not move for adjudication within thirty days, and his motion for new trial was filed before final
adjudication. Therefore, Manuel's prohibitions do apply, and Appellant's appeal is untimely. See
id.

 Furthermore, Appellant's notice of appeal does not confer jurisdiction because it does not
comply with the requirements of Texas Rule of Appellate Procedure 25.2(b)(3). See Manuel, 994 
S.W.2d at 662 (holding that the additional notice requirements of former Rule 40(b)(1) apply to
appeals following an adjudication of guilt where the defendant received deferred adjudication
probation pursuant to a plea agreement). Under Rule 25.2(b)(3) a notice of appeal must (1) state that
the appeal is for a jurisdictional defect, (2) specify that the substance of the appeal was raised by
written motion and ruled on before trial, or (3) state that the trial court granted permission to appeal. 
See Tex. R. App. P. 25.2(b)(3). Appellant's notice of appeal does none of these things.

 For the reasons outlined herein above, we are without jurisdiction to address Appellant's
complaint. Accordingly, we dismiss the appeal for want of jurisdiction.


Opinion delivered July 31, 2002.

Panel consisted of Gohmert, C.J., Worthen, J., and Griffith, J.
































(DO NOT PUBLISH)
1. See Tex. R. App. P. 47.1.