# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-03-00344-CR

**Ronald Lynn Swafford, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE COUNTY COURT AT LAW NO. 4 OF TRAVIS COUNTY
### NO. 622315, HONORABLE MIKE DENTON, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Appellant Ronald Lynn Swafford pleaded no contest to an information accusing him of making a harassing communication. *See* Tex. Pen. Code Ann. § 42.07(a)(4) (West 2003). The court deferred adjudication and placed Swafford on community supervision for nine months. The court certified that Swafford has its permission to appeal this plea bargain case. *See* Tex. R. App. P. 25.2(a)(2)(B), (d).

Swafford represents himself. His only point of error is that his plea was involuntary because he did not fully understand its consequences. Specifically, Swafford asserts that he was not told that deferred adjudication involved probation, or community supervision, and its attendant conditions. He claims that had he known that probation was part of the plea bargain, he would have changed his plea and requested a trial.

The State responds that Swafford's contention is not properly before us, citing the opinion in *Donovan v. State*, 68 S.W.3d 633 (Tex. Crim. App. 2002). In that case, the question presented was whether a defendant placed on deferred adjudication probation was entitled to challenge the voluntariness of his plea by means of a motion for new trial. *Id*. at 635. The court of criminal appeals held that a motion for new trial is not an available remedy when adjudication is deferred, and that the defendant was required to either timely request adjudication or seek habeas corpus relief. *Id*. at 637-38. *See also Hammack v. State*, 963 S.W.2d 199, 200 (Tex. App.—Austin 1998, no pet.) (motion for new trial rules do not apply to deferred adjudication proceeding).

A defendant placed on deferred adjudication supervision has the same right of appeal as a defendant placed on ordinary community supervision. *Manuel v. State*, 944 S.W.2d 658, 661 (Tex. Crim. App. 1999); *Dillehey v. State*, 815 S.W.2d 623, 625 (Tex. Crim. App. 1991). Nothing in *Donovan* precludes a defendant from challenging the voluntariness of his plea in an appeal from an order deferring adjudication. Although the limited right of appeal afforded a defendant who pleads guilty or no contest pursuant to a plea bargain agreement generally does not encompass the voluntariness of the plea, that limitation does not apply to Swafford because he has the trial court's permission to appeal. Tex. R. App. P. 25.2(a)(2); *see also Brown v. State*, 943 S.W.2d 35, 42 (Tex. Crim. App. 1997) (defendant who receives deferred adjudication as part of plea bargain may raise involuntariness claim on appeal following adjudication). We conclude that Swafford is not procedurally barred from challenging the voluntariness of his no contest plea in this appeal.

Although Swafford may raise the voluntariness issue, the record before us does not support his claim. The assertions made by Swafford in his brief are not evidence. Because there was

2

no reporter present when Swafford entered his plea, we have no record of what he was or was not told by the court when the plea was made. We also have no record of what, if anything, he was told by the attorney who represented him at trial. The record before us does contain the "defendant's plea of guilty, nolo contendere, waiver & stipulation," signed by Swafford and his attorney, in which Swafford acknowledged that he had been advised of the consequences of his plea and stated that his plea was made freely and voluntarily.

Because we find no evidence in the record to support Swafford's claim that his plea was involuntary, we overrule the point of error and affirm the conviction.

_____

Bea Ann Smith, Justice

Before Chief Justice Law, Justices B. A. Smith and Patterson

Affirmed

Filed: April 29, 2004

Do Not Publish

3