TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-03-00344-CR






Ronald Lynn Swafford, Appellant



v.



The State of Texas, Appellee







FROM THE COUNTY COURT AT LAW NO. 4 OF TRAVIS COUNTY


NO. 622315, HONORABLE MIKE DENTON, JUDGE PRESIDING






M E M O R A N D U M O P I N I O N



Appellant Ronald Lynn Swafford pleaded no contest to an information accusing him
of making a harassing communication. See Tex. Pen. Code Ann. § 42.07(a)(4) (West 2003). The
court deferred adjudication and placed Swafford on community supervision for nine months. The
court certified that Swafford has its permission to appeal this plea bargain case. See Tex. R. App.
P. 25.2(a)(2)(B), (d).

Swafford represents himself. His only point of error is that his plea was involuntary
because he did not fully understand its consequences. Specifically, Swafford asserts that he was not
told that deferred adjudication involved probation, or community supervision, and its attendant
conditions. He claims that had he known that probation was part of the plea bargain, he would have
changed his plea and requested a trial.

The State responds that Swafford's contention is not properly before us, citing the
opinion in Donovan v. State, 68 S.W.3d 633 (Tex. Crim. App. 2002). In that case, the question
presented was whether a defendant placed on deferred adjudication probation was entitled to
challenge the voluntariness of his plea by means of a motion for new trial. Id. at 635. The court of
criminal appeals held that a motion for new trial is not an available remedy when adjudication is
deferred, and that the defendant was required to either timely request adjudication or seek habeas
corpus relief. Id. at 637-38. See also Hammack v. State, 963 S.W.2d 199, 200 (Tex. App.--Austin
1998, no pet.) (motion for new trial rules do not apply to deferred adjudication proceeding).

A defendant placed on deferred adjudication supervision has the same right of appeal
as a defendant placed on ordinary community supervision. Manuel v. State, 944 S.W.2d 658, 661
(Tex. Crim. App. 1999); Dillehey v. State, 815 S.W.2d 623, 625 (Tex. Crim. App. 1991). Nothing
in Donovan precludes a defendant from challenging the voluntariness of his plea in an appeal from
an order deferring adjudication. Although the limited right of appeal afforded a defendant who
pleads guilty or no contest pursuant to a plea bargain agreement generally does not encompass the
voluntariness of the plea, that limitation does not apply to Swafford because he has the trial court's
permission to appeal. Tex. R. App. P. 25.2(a)(2); see also Brown v. State, 943 S.W.2d 35, 42 (Tex.
Crim. App. 1997) (defendant who receives deferred adjudication as part of plea bargain may raise
involuntariness claim on appeal following adjudication). We conclude that Swafford is not
procedurally barred from challenging the voluntariness of his no contest plea in this appeal.

Although Swafford may raise the voluntariness issue, the record before us does not
support his claim. The assertions made by Swafford in his brief are not evidence. Because there was
no reporter present when Swafford entered his plea, we have no record of what he was or was not
told by the court when the plea was made. We also have no record of what, if anything, he was told
by the attorney who represented him at trial. The record before us does contain the "defendant's plea
of guilty, nolo contendere, waiver & stipulation," signed by Swafford and his attorney, in which
Swafford acknowledged that he had been advised of the consequences of his plea and stated that his
plea was made freely and voluntarily.

Because we find no evidence in the record to support Swafford's claim that his plea
was involuntary, we overrule the point of error and affirm the conviction.



 __________________________________________

 Bea Ann Smith, Justice

Before Chief Justice Law, Justices B. A. Smith and Patterson

Affirmed

Filed: April 29, 2004

Do Not Publish