NO. 12-05-00110-CR
 
IN THE COURT OF APPEALS

TWELFTH COURT OF APPEALS DISTRICT

TYLER, TEXAS


FELIPE D. MARTINEZ,                                  §     APPEAL FROM THE 241ST
APPELLANT

V.                                                                         §     JUDICIAL DISTRICT COURT OF

THE STATE OF TEXAS,
APPELLEE                                                        §     SMITH COUNTY, TEXAS





MEMORANDUM OPINION
PER CURIAM
            Appellant Felipe D. Martinez attempts to appeal an order denying his motion for new trial. 
We dismiss for want of jurisdiction.

Background
            On April 26, 2000, Appellant pleaded guilty to aggravated assault with a deadly weapon,
pursuant to a plea agreement. The trial court followed the agreement, deferred a finding of guilt, and
placed Appellant on community supervision for ten years. On November 29, 2004, after finding that
Appellant had violated his community supervision terms, the trial court adjudicated him guilty and
made a deadly weapon finding. On December 13, 2004, the trial court assessed his punishment at
imprisonment for 18 years and a five thousand dollar fine. 
            On January 12, 2005, Appellant filed a motion for new trial raising claims relating to the
original plea proceeding, which had occurred approximately five years earlier. After a hearing, the
trial court denied the motion for new trial. Appellant filed a motion requesting permission to appeal
all issues raised in his motion for new trial and/or litigated at the hearing. The trial court denied the
motion. We have received the trial court’s certification stating that Appellant has no right of appeal
and that the trial court denied permission to appeal. 
            On May 9, 2005, this Court notified Appellant that the trial court certification shows he has
no right of appeal. Appellant was also informed that failure to show this Court’s jurisdiction on or
before May 24, 2005 would result in the appeal being referred to the Court for dismissal. In
response, Appellant urged this Court to conclude that it has jurisdiction of the appeal, but cited no
authority precisely on point.

Discussion
            A plea-bargaining defendant may appeal only those matters relating to motions filed and
ruled on before trial and those matters the trial court gives him permission to appeal. See Tex. R.
App. P. 25.2(a)(2). As a general rule, the defendant must raise issues relating to the original plea
proceeding in appeals taken when deferred adjudication community supervision is first imposed. 
Manuel v. State, 994 S.W.2d 658, 661 (Tex. 1999); see also Nix v. State, 65 S.W.3d 664, 667 (Tex.
Crim. App. 2001). Moreover, a motion for new trial is not available as a remedy for a defendant
who receives deferred adjudication. Donovan v. State, 68 S.W.3d 633, 635 (Tex. Crim. App. 2002). 
            Here, the trial court certified that this “is a plea-bargain case when placed on deferred and
the defendant has no right of appeal.” The trial court further certified that “the defendant waived
appeal at the time he was sentenced to probation and court denied right to appeal.” We have also
been furnished a certified copy of the order denying permission for Appellant to appeal the trial
court’s order denying his motion for new trial. 
            The materials submitted in this appeal confirm that this is a plea-bargain case, the trial court
assessed punishment in accordance with the plea agreement, and that the trial court denied
permission to appeal the order Appellant seeks to challenge. Consequently, we conclude that the
trial court’s certification that Appellant does not have the right of appeal is correct. Accordingly,
we dismiss the appeal for want of jurisdiction. See Tex. R. App. P. 25.2(a)(2).
Opinion delivered May 31, 2005.
Panel consisted of Worthen, C.J. and Griffith, J.
DeVasto, J., not participating.



(DO NOT PUBLISH)