Opinion filed October 26, 2006 















 
 
  
 
 







 
 
  
 
 




Opinion filed October 26, 2006 

 

 

 

 

 

 

                                                                        In The

                                                                              

    Eleventh Court of Appeals

                                                                 ____________

 

                                       Nos. 11-06-00263-CR & 11-06-00264-CR 

                                                    __________

 

                                DAVION
DERRELL CROW, Appellant

 

                                                             V.

 

                                        STATE
OF TEXAS,
Appellee

 



 

                                          On
Appeal from the 91st District Court

 

                                                        Eastland
 County, Texas

 

                                    Trial
Court Cause Nos. 04-20,236 & 04-20,237

 



 

                                                                   O
P I N I O N

In his
notices of appeal, Davion Derrell Crow states that he is appealing from the
trial court=s  Adecision to not allow Crow to withdraw his
plea of guilty on August 28, 2006.@ 
These appeals are dismissed for want of jurisdiction.








The
clerk=s records were filed in this court on
September 29, 2006.  Each record consists
of only the notice of appeal and the trial court=s
certificate stating that appellant has no right to appeal and has waived any
right to appeal.  Upon receipt of these
records, the clerk of this court wrote 
requesting that the clerk of the trial court prepare and forward
supplemental records that included the indictments and the judgments and
sentences and directing appellant to respond showing grounds for continuing
these appeals.  Both the supplemental
records and a response have been filed.

The
supplemental records reflect that appellant was indicted for sexual assault in
Cause No. 11-06-00263-CR and that he was indicted for retaliation in
Cause No. 11-06-00264-CR.  In each case,
appellant entered into a plea bargain agreement.  On May 2, 2005, appellant entered pleas of
guilty, and the trial court assessed punishment in agreement with the plea
bargains.  The adjudication of appellant=s guilt was deferred, he was placed on
community supervision for six years, and a fine of $2,000 was imposed in the
sexual assault case.  In April of 2006,
the State filed motions to adjudicate guilt. 
These motions were dismissed on May 8, 2006; and the State filed new
motions to adjudicate on June 21, 2006. 
After a hearing, the trial court found that the allegations that
appellant violated the terms and conditions of his community supervision were
true and ordered that his community supervision be extended one year in each
case.  These orders were entered on
September 27, 2006.  On October 6, 2006,
the trial court granted the State=s
motion to amend the terms and conditions of appellant=s
supervision to provide that appellant wear a Global Tracking Services ankle
monitor unit.

In his response, appellant=s
counsel states that the trial court:

[H]eard
and ruled on Mr. Crow=s
Motion to Withdraw his plea of guilty, and denied the Motion on August 28,
2006.  Mr. Crow, based on current case
law has, as a matter of right, the ability to appeal any decision of the court,
if the Clerk of the Court is advised of the desire of the defendant within 30
days of the original court=s
decision as allowed by Article 44.02 of the Texas Criminal Procedure Code, Rule
25.01 (sic) and 26.2 of the Texas Rules of Appellate Procedure.

 

Mr. Crow wishes to appeal the courts (sic)
decision to not allow him to withdraw his plea of guilty rendered on August 28,
2006.

 

The trial court has not adjudicated appellant=s guilt in either case.  Therefore, direct appeals are not available
to challenge the trial court=s
actions at this time.  See Tex. Code Crim. Proc. Ann. art. 11.072
(Vernon 2005), art. 42.12, '
5 (Vernon Supp. 2006); Donovan v. State,
68 S.W.3d 633 (Tex.
Crim. App. 2002).








These appeals are dismissed for want of
jurisdiction.

 

PER CURIAM

 

October 26, 2006

Do not publish.  See
Tex. R. App. P. 47.2(b).

Panel
consists of:  Wright, C.J., and

McCall,
J., and Strange, J.