COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | § | |
|---|---|---|
| PABLO ADAME, | | No. 08-09-00222-CR |
| | § | |
| Appellant, | | Appeal from |
| | § | |
| v. | | 243rd District Court |
| | § | |
| THE STATE OF TEXAS, | | of El Paso County, Texas |
| | § | |
| Appellee. | | (TC # 20050D04232) |
| | § | |

**MEMORANDUM OPINION**

Pablo Adame attempts to appeal from an order denying his motion to withdraw his plea of guilty. We dismiss the appeal for want of jurisdiction.

**FACTUAL SUMMARY**

On January 30, 2006, Appellant waived his right to a jury trial and entered a negotiated plea of guilty to possession of more than four ounces but less than five pounds of marihuana. In accordance with the plea bargain, the trial court placed Appellant on deferred adjudication community supervision for three years. The record reflects that Appellant waived his right to appeal. Appellant did not file a written motion within thirty days requesting final adjudication. *See* TEX.CODE CRIM.PROC.ANN. art. 42.12, § 5(a)(Vernon Supp. 2009).

More than two years later, the State filed a motion to adjudicate guilt based on allegations that Appellant had used marihuana, he had failed to pay his community supervision fee, and he had failed to complete his community service hours as ordered by the trial court. The State dismissed the motion to adjudicate guilt because the court modified Appellant's community supervision to include new conditions, including Appellant's placement in a court residential treatment program.

After the trial court entered an order extending Appellant's community supervision term for one year beginning on January 30, 2009, Appellant filed a motion to withdraw his plea of guilty because his attorney had misinformed him regarding several matters, including the immigration consequences of his guilty plea. On March 27, 2009, after multiple hearings, the trial court denied Appellant's motion to withdraw his guilty plea. The trial court subsequently denied Appellant's motion for new trial, but the court gave Appellant permission to appeal. Appellant filed his notice of appeal on July 17, 2009.

On October 20, 2009, the Clerk of the Court notified the parties that the Court questioned whether the trial court's order denying the motion to withdraw the guilty plea was an appealable order. The letter notified the parties that the appeal would be dismissed unless a response was received within ten days showing grounds for continuing the appeal. No response has been received.

## APPELLATE JURISDICTION

Appellant's notice of appeal states he is appealing the trial court's order denying his motion to withdraw his guilty plea and the order denying his motion for new trial. We notified Appellant and the State about our concern that the trial court's order denying Appellant's motion to withdraw his guilty plea is not appealable. Although we did not include it in our letter, a separate ground for dismissal exists because Appellant did not timely perfect the appeal.

A timely notice of appeal is necessary to invoke this Court's jurisdiction. *Olivo v. State*, 918 S.W.2d 519, 522 (Tex.Crim.App. 1996). A notice of appeal that complies with the requirements of Rule 26 is essential to vest the court of appeals with jurisdiction. *Slaton v. State*, 981 S.W.2d 208, 210 (Tex.Crim.App. 1998). If an appeal is not timely perfected, a court of appeals does not obtain jurisdiction to address the merits of the appeal and it can take no action other than to dismiss the appeal. *Id.*

In a criminal case, the notice of appeal must be filed (1) within 30 days after the day sentence is imposed or suspended in open court, or after the day the trial court enters an appealable order; or (2) within 90 days after the day sentence is imposed in open court if the defendant timely files a motion for new trial. TEX.R.APP.P. 26.2(a). Rule 21 of the Texas Rules of Appellate Procedure governs new trials in criminal cases. TEX.R.APP. P. 21. A new trial is defined as "the rehearing of a criminal action after the trial court has, on the defendant's motion, set aside a finding or verdict of guilt." TEX.R.APP.P 21.1. Rule 21.1 does not apply when a defendant has been placed on deferred adjudication because a finding of guilt has not been made. *Donovan v. State*, 68 S.W.3d 633, 636 (Tex.Crim.App. 2002). Further, Rule 26.2(a)(1) requires that the notice of appeal be filed within 30 days after the entry of an appealable order and Rule 26.2(a)(2) makes no provision for extending the notice of appeal deadline by filing a motion for new trial in such an appeal.

Assuming for the sake of argument that the trial court's order denying Appellant's motion to withdraw his guilty plea is an appealable order[1], Appellant's notice of appeal was due to be filed on April 26, 2009, thirty days after the trial court signed the order denying the motion to withdraw the plea of guilty. *See* TEX.R.APP.P. 26.2(a)(1). Appellant failed to perfect his appeal because he did not file his notice of appeal until July 17, 2009, or 112 days after the trial court signed the order.

---

[1] The First Court of Appeals has held that while a defendant is on deferred adjudication, he may at any time file a motion to withdraw his guilty plea and a court of appeals may review the trial court's denial of the motion for abuse of discretion. *Labib v. State*, 239 S.W.3d 322, 331 (Tex.App.--Houston [1st Dist.] 2007, no pet.); *Donovan v. State*, 17 S.W.3d 407, 409-10 (Tex.App.--Houston [1st Dist.] 2000), *aff'd*, 68 S.W.3d 633 (Tex.Crim.App. 2002); *State v. Ellis*, 976 S.W.2d 789, 792 (Tex.App.--Houston [1st Dist.] 1998, no pet.). In *Donovan*, the Court of Criminal Appeals noted that the First Court of Appeals had stated that a trial judge could grant a request to withdraw the plea even if the defendant had not yet moved for final adjudication. *Donovan*, 68 S.W.3d at 637 n.17. The Court "express[ed] no opinion on whether a trial court may employ such a procedure." *Id.* The First Court of Appeals' opinions do not address whether such an order is an appealable one. This Court does not have jurisdiction to review an order in a criminal case unless that jurisdiction is expressly authorized by law. *See Abbott v. State*, 271 S.W.3d 694, 696-97 (Tex.Crim.App. 2008). An order denying a motion to withdraw a guilty plea is not a separately appealable order. *See generally* TEX.CODE CRIM.PROC.ANN. art. 44.02 (Vernon 2006). We question whether a trial court's denial of a motion to withdraw a guilty plea is an appealable order in a case where the defendant did not move to have his guilt adjudicated pursuant to TEX.CODE CRIM.PROC.ANN. art. 42.12, § 5(a). Resolving this issue is not necessary in this case, however, because even if the order is appealable, Appellant did not timely file his notice of appeal.

Even if the motion for new trial extended the due date for the notice of appeal under Rule 26.2(a)(2), Appellant's notice of appeal still would have been untimely. Accordingly, we dismiss the appeal for want of jurisdiction.

February 3, 2010

ANN CRAWFORD McCLURE, Justice

Before Chew, C.J., McClure, and Rivera, JJ.

(Do Not Publish)