

## NUMBER 13-09-00125-CR

## COURT OF APPEALS

## THIRTEENTH DISTRICT OF TEXAS

## CORPUS CHRISTI - EDINBURG

THE STATE OF TEXAS,                                          Appellant,

v.

SONIA GARZA,                                                Appellee.

### On appeal from the County Court at Law No. 2
### of Nueces County, Texas.

## MEMORANDUM OPINION

### Before Justices Rodriguez, Garza, and Benavides
### Memorandum Opinion by Justice Rodriguez

The State of Texas appeals from the trial court's order granting appellee Sonia

Garza's motion for new trial.  *See* TEX. CODE CRIM. PROC. ANN. § 44.01(a)(3) (Vernon

Supp. 2009) (allowing the State to appeal granting of new trial).  By three issues, the State

argues that:  (1) the trial court had no jurisdiction to hear or grant the motion for new trial

because Garza had been placed on deferred adjudication; (2) the facts of the case do not

support a motion to withdraw a guilty plea[1]; and (3) if the trial court did have jurisdiction to hear the motion for new trial, the court abused its discretion in granting the motion because the evidence showed Garza's plea was voluntary, knowing, and intelligent. We reverse and remand.

## I. BACKGROUND[2]

Garza was charged by information with the offense of assault in connection with an alleged altercation outside a nightclub in Corpus Christi. Garza entered into a plea agreement with the State for deferred adjudication. On January 8, 2009, the order deferring adjudication of guilt and placing Garza on community supervision was signed by the parties and approved by the trial court. On January 30, 2008, Garza filed a motion for new trial, alleging that "she was under extreme stress at the time of trial and did not fully understand the repercussions of her plea at the time." In her motion, Garza further alleged that her plea was not voluntary and that, since the time of her plea, she had "discovered additional evidence which may prove her innocence." On March 3, 2009, the trial court held a hearing on the motion for new trial, which it granted. The State appeals the trial court's order granting Garza's motion for new trial.[3]

## II. MOTION FOR NEW TRIAL AND DEFERRED ADJUDICATION

Rule 21 of the rules of appellate procedure governs a defendant's motion for new trial in a criminal case. *See* TEX. R. APP. P. 21.1. A "new trial" in a criminal case is the

---

[1]Although the State argues that the facts do not support a motion to withdraw a guilty plea, we note that Garza filed no such motion.

[2]Because this is a memorandum opinion and the parties are familiar with the facts, we will not recite them here except as necessary to advise the parties of the Court's decision and the basic reasons for it. *See* TEX. R. APP. P. 47.4. Moreover, Sonia Garza filed no appellee's brief to assist us in the resolution of this case. Accordingly, we decide this appeal based on the brief filed by the State and the record before us.

[3]On March 10, 2009, we granted the State's motion for stay of proceedings in the trial court. *See* TEX. CODE CRIM. PROC. ANN. art. 44.01(e) (Vernon Supp. 2009).

2

"rehearing of a criminal action after the trial court has, on the defendant's motion, set aside a finding or verdict of guilt." *Id.*

Article 42.12 of the code of criminal procedure provides that

> when in the judge's opinion the best interest of society and the defendant will be served, the judge may, after receiving a plea of guilty or plea of nolo contendre, hearing the evidence, and finding that it substantiates the defendant's guilt, *defer further proceedings without entering an adjudication of guilt*, and place the defendant on community supervision.

TEX. CODE CRIM. PROC. ANN. art. 42.12, § 5(a) (Vernon Supp. 2009) (emphasis added). In other words, in a deferred adjudication proceeding, there is no "finding or verdict of guilt." *See Donovan v. State*, 68 S.W.3d 633, 636 (Tex. Crim. App. 2002); *Hammack v. State*, 963 S.W.2d 199, 200 (Tex. App.–Austin 1998, no pet.). Accordingly, "there is nothing to set aside so as to create an occasion for implementation of Rule 21." *Donovan*, 68 S.W.3d at 636; *see Labib v. State*, 239 S.W.3d 322, 329-30 (Tex. App.–Houston [1st Dist.] 2007, no pet.). A trial court is therefore without authority to rule on a motion for new trial when a defendant's adjudication has been deferred. *See Donovan*, 68 S.W.3d at 638; *see also Gomez v. State*, No. 05-02-00153-CR, 2003 WL 21468756, at *1 (Tex. App.–Dallas 2003, no pet.) (mem. op., not designated for publication) (holding that "because the trial court deferred adjudication of [the defendant]'s guilt, it lacked jurisdiction to consider a motion for new trial"). If a trial court grants a motion for new trial in this situation, that action is a nullity. *State v. Ellis*, 976 S.W.2d 789, 791 (Tex. App.–Houston [1st Dist.] 1998, no pet.).

## III. DISCUSSION

Here, Garza entered an agreement with the State to plead guilty in exchange for deferred adjudication. Pursuant to that agreement, the trial court entered an order deferring adjudication of guilt and placing Garza on community supervision. Less than a

3

month after entry of that order, Garza filed a motion for new trial, which was granted by the trial court.

Because adjudication was deferred by the trial court, Garza was never convicted of the charged offense. *See* TEX. CODE CRIM. PROC. ANN. art. 42.12, § 5(a); *Hammack*, 963 S.W.2d at 200. Absent a finding or verdict of guilt, there was nothing for the trial court to set aside, and rule 21 does not apply. *See Donovan*, 68 S.W.3d at 636. The trial court was, therefore, without authority to hear Garza's motion for new trial, and its action in granting the motion was a nullity. *See Ellis*, 976 S.W.2d at 791. The State's first issue is sustained.[4]

## IV. CONCLUSION

We reverse the order of the trial court granting Garza's motion for new trial and remand for further proceedings consistent with this opinion. Moreover, having disposed of the State's appeal, we lift the stay of proceedings in the trial court granted by this Court on March 10, 2009. *See* TEX. CODE CRIM. PROC. ANN. art. 44.01(e) (Vernon Supp. 2009).

<br>

_____

_____        NELDA V. RODRIGUEZ
_____        Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the 4th
day of March, 2010.

---

[4]Having concluded that the trial court lacked authority to hear Garza's motion for new trial, we need not address the State's remaining issues on appeal. *See* TEX. R. APP. P. 47.1.

4