**Affirm and Opinion Filed May 29, 2014**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-14-00199-CR

## EX PARTE RICHARD NICHOLAS COLON

On Appeal from the 219th Judicial District Court
Collin County, Texas
Trial Court Cause No. 219-81243-2012

## MEMORANDUM OPINION

Before Chief Justice Wright, Justice Myers,  and Justice Evans
Opinion by Chief Justice Wright

Richard Nicholas Colon appeals the trial court's order denying him the relief sought by his article 11.072 application for writ of habeas corpus.  In three issues, appellant contends the trial court abused its discretion in denying relief because he received ineffective assistance of counsel at trial.  We affirm the trial court's order.

Background

At 7:00 p.m. on December 31, 2011, Frisco police officer J. Gaulden saw appellant and Dietrich Stiteler standing outside a vehicle with Colorado license plates.  The vehicle was parked near the public restrooms in a park.  The rear passenger door was open.  When the men saw Gaulden, appellant dropped a backpack on the ground and began reaching inside the vehicle.  Stiteler tried to kick "an object" that was on the ground underneath the rear of the vehicle.  When Gaulden approached the men, he saw that the object behind the rear passenger tire was a brown

paper bag. Gaulden called for a cover unit and asked both men to sit on the curb. After other officers arrived, Gaulden picked up a white prescription bottle with no label on it that was near the paper bag. When he asked the men why the bottle smelled like marijuana, both appellant and Stiteler said they had medical marijuana licenses from Colorado for injuries. Both men said there was marijuana in a cup holder inside the vehicle. Appellant also stated there was a "K Bar knife" inside the vehicle and a .45-caliber handgun on the rear seat that he had been trying to hide under a jacket. Gaulden asked both men if they had any weapons on their persons. Appellant said he had a knife in his right shoe and a "multi-tool knife" in his pants pocket. Gaulden searched appellant and retrieved both knives. Gaulden also found a loaded .45-caliber magazine in appellant's pants pocket and a baggie that contained "two clear capsules with a green substance inside and one small white tablet." Later analysis showed the capsules contained marijuana and the tablet was methadone hydrochloride. Gaulden searched appellant's vehicle and found a cup with marijuana inside in plain view in a cup holder, one .45-ACP semi-automatic pistol wrapped in a black jacket in the rear seat, several large "hunting style" knives throughout the interior of the vehicle, a small kitchen knife in the center console, a glass pipe in a jacket in the trunk, and a large bag that contained marijuana buds in the trunk.

Appellant was charged by indictment with possession of methadone, a controlled substance, in an amount less than one gram. On June 22, 2012, he pleaded guilty pursuant to a plea agreement, and the trial court deferred adjudicating appellant's guilt and placed him on two years' community supervision. On June 27, 2012, appellant filed a motion for new trial. A hearing scheduled on the motion was cancelled after appellant withdrew the motion.

On March 7, 2013, appellant filed an article 11.072 application for writ of habeas corpus asserting his plea was involuntary due to ineffective assistance of counsel. The trial court

entered an agreed order designating the issues and directing appellant's trial counsel to file an affidavit responding to the allegations in the application. Counsel filed an affidavit on July 12, 2013.

In the affidavit, counsel stated appellant, who resides in Colorado, was charged with misdemeanor possession of marijuana, which was found in appellant's vehicle, and felony possession of methadone, which was found in appellant's pockets. Counsel stated the decision not to file a motion to suppress was made by appellant after counsel discussed the legal aspects of the felony case with him, including "the legality of the search of his person, the benefits and negative aspects of deferred adjudication community supervision, and appellant's unwillingness to travel to and from Texas for multiple court dates." Counsel outlined several lengthy telephone conversations she had with appellant concerning the case, and detailed her research and investigation into the facts of the case. Counsel told appellant that because the case concerned the search of appellant's person after appellant admitted carrying weapons, and prior to the search of appellant's vehicle, the search of his person would probably be upheld because "Collin County courts place a premium on officer safety." Counsel stated she told appellant she was "happy to pursue whatever course he wanted," and that "appellant chose to plead guilty on the next court setting." Appellant agreed to plead guilty in exchange for the State reducing the plea offer from five years to two years deferred adjudication supervision.

Counsel stated that after appellant completed the plea, she was informed by a misdemeanor prosecutor that appellant's co-defendant had filed a motion to suppress, the motion had been granted, and the co-defendant's cases were dismissed. Counsel informed appellant about the situation, and appellant instructed counsel to file a motion for new trial. In the motion for new trial, counsel argued the State should have disclosed that appellant's co-defendant had

filed a motion to suppress evidence and the outcome of that hearing. After a hearing date was set on appellant's motion for new trial, counsel talked with a felony prosecutor assigned to the 219th Judicial District Court. The prosecutor said if appellant insisted on having a hearing on the issue and won, the prosecutor would withdraw the deferred adjudication offer, leaving appellant to go open to the trial court if he lost on a motion to suppress. The prosecutor agreed to dismiss the misdemeanor possession case if appellant agreed to cancel the hearing on the motion for new trial. Counsel stated she talked with appellant about the prosecutor's stance. She also explained collateral estoppel and why his co-defendant's outcome on his motion to suppress did not guarantee appellant would have the same outcome. Appellant agreed to withdraw the motion for new trial. Counsel cancelled the hearing on the motion for new trial, and the State filed a dismissal of the misdemeanor possession of marijuana case on July 20, 2012.

Counsel's affidavit included an email dated August 7, 2012 from appellant asking her to file another motion for new trial and motion to suppress. In the email, appellant said, "I know I have flip flopped on this a lot but I have a lot at stake I feel but after spending the 17 hour drive from Colorado back to Texas yesterday and speaking with my family and my attorney in Louisiana I think I have a decent shot at a good outcome on this one."

In response to counsel's affidavit, appellant filed a letter from counsel dated August 7, 2012, that outlined her work on the case and notified appellant that she had concluded her representation. Appellant specifically focused on the following paragraph to demonstrate counsel's ineffectiveness:

> We discussed the possibility of doing a Motion to Suppress. I made it clear, however, that your case was in front of a very conservative judge whose bar for suppressing evidence is known to be quite high. The choice was really how many times to come to Texas to fight a case that I did not feel we had [a] strong chance of winning under the circumstances. You opted to take the conservative route, accepting the deferred plea deal with only one further trip to Texas.

The trial court entered written findings of fact and conclusions of law. The trial court found that (1) appellant's own evidence regarding counsel's representation of him was consistent with counsel's affidavit; (2) the statements in counsel's affidavit were credible; (3) counsel's affidavit showed counsel conducted appropriate investigation and discovery in the case; (4) counsel analyzed the various search and seizure issues in the case; and (5) counsel's opinion as to the chances of success of a motion to suppress was reasonably derived. The trial court denied appellant the relief sought by written order dated January 27, 2014.

Applicable Law

In reviewing the trial court's decision to grant or deny habeas corpus relief, we view the facts in the light most favorable to the trial judge's ruling. *Ex parte Peterson*, 117 S.W.3d 804, 819 (Tex. Crim. App. 2003) (per curiam), *overruled on other grounds by Ex parte Lewis*, 219 S.W.3d 335 (Tex. Crim. App. 2007). We will uphold the trial court's ruling absent an abuse of discretion. *Id*. In conducting our review, we afford almost total deference to the judge's determination of the historical facts that are supported by the record, especially when the fact findings are based on an evaluation of credibility and demeanor. *Id*. We afford the same amount of deference to the trial judge's application of the law to the facts, if the resolution of the ultimate question turns on an evaluation of credibility and demeanor. *Id*. If the resolution of the ultimate question turns on an application of legal standards, we review the determination de novo. *Id*.

To prevail on an ineffective assistance of counsel claim, an appellant must meet the two-pronged test set out in *Strickland v. Washington*, 466 U.S. 668 (1984), and adopted by the Texas Court of Criminal Appeals in *Hernandez v. State*, 726 S.W.2d 53 (Tex. Crim. App. 1986). *Lopez v. State*, 343 S.W.3d 137, 142 (Tex. Crim. App. 2011). The appellant must show both that

counsel's representation fell below an objective standard of reasonableness and the deficient performance prejudiced the defense. *See id*. In the context of a guilty plea, to demonstrate prejudice, the appellant must show that but for counsel's deficient performance, he would not have pleaded guilty and would have insisted on going to trial. *See Ex parte Imoudu*, 284 S.W.3d 866, 869 (Tex. Crim. App. 2009) (citing *Hill v. Lockhart*, 474 U.S. 52, 58 (1985)). In the context of appellant's motion for new trial, appellant would have to show that but for counsel's performance, the trial court would have granted appellant a new trial. *See Jimenez v. State*, 240 S.W.3d 384, 416 (Tex. App.–Austin 2007, pet. ref'd); *see also Waddles v. State*, No 05-01-00310-CR, 2002 WL 1308725, at *2 (Tex. App.–Dallas June 17, 2002, no pet.) (mem. op. not designated for publication).

Analysis

In his first two issues, appellant contends the trial court abused its discretion in denying him the relief sought by his application for writ of habeas corpus because trial counsel was ineffective for not filing a pretrial motion to suppress evidence, and counsel's errors rendered appellant's plea involuntary. The State responds that counsel was instructed by appellant not to file a motion to suppress and the record does not show appellant's plea was involuntary.

Counsel's affidavit states counsel told appellant a motion to suppress evidence would "probably be upheld" in his case because it involved a search of his person after he told an officer that he was carrying knives. Counsel further told appellant she would be "happy to pursue whatever course" appellant wanted. Counsel's affidavit further points out that appellant chose to accept a plea bargain from the State for two years deferred adjudication community supervision in exchange for a guilty plea. On the other hand, appellant asserted in his application for writ of habeas corpus that counsel did not file a motion to suppress because she was afraid

the motion would be denied, and that counsel's statement to him that his case is before a "very conservative judge whose bar for suppressing evidence is known to be quite high" illustrates that point.

There was conflicting evidence, which the trial court resolved against appellant. *See Ex parte Peterson*, 117 S.W.3d at 819. We conclude the trial court did not abuse its discretion in concluding appellant has not met his burden to show counsel's performance was deficient or that the result would have been different. *See Lopez*, 343 S.W.3d t 142. We overrule appellant's first two issues.

In his third issue, appellant complains the trial court abused its discretion in denying him habeas corpus relief because counsel was ineffective in failing to properly investigate the case during the motion for new trial stage. Appellant asserts counsel's failure to find out about the co-defendant's motion to suppress being granted and the subsequent dismissal of the co-defendant's cases shows counsel was ineffective. The State responds that counsel was not ineffective in failing to learn the disposition of a co-defendant's case when that disposition had no bearing on appellant's case.

Appellant received deferred adjudication community supervision as a result of his plea bargain. Because there has been no conviction or finding of guilt, a motion for new trial is not proper in cases of deferred adjudication community supervision. *See* TEX. R. APP. P. 21.1; *Donovan v. State*, 68 S.W.3d 633, 636 (Tex. Crim. App. 2002). Thus, appellant has not shown he would have received a new trial, and the trial court could have properly concluded appellant was not entitled to habeas corpus relief on this basis. *See Jimenez*, 240 S.W.3d at 416.

Moreover, there is nothing in the record to show that even had the trial court conducted a hearing on the motion, it would have granted appellant a new trial. *See id*. Counsel's affidavit

states that after learning the co-defendant's motion to suppress was granted, she apprised appellant of the situation and then filed a motion for new trial on the grounds that the evidence given in testimony at the co-defendant's motion to suppress hearing, as well as the ruling and subsequent dismissal of all charges, should have been provided to her as *Brady* material. *See Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194 (1963). After a hearing date was set, one of the prosecutors assigned to the trial court stated he would withdraw the deferred adjudication offer if appellant went forward with a hearing and the motion was granted. Counsel negotiated with the prosecutor for a dismissal of appellant's misdemeanor case if appellant agreed to withdraw the motion for new trial. Counsel then talked to appellant regarding the prosecutor's offer and explained collateral estoppel and why the outcome of the co-defendant's motion to suppress evidence hearing did not guarantee the same outcome for appellant.[1]

Finally, there is nothing in the record showing counsel did not investigate the case during the motion for new trial stage. The failure to learn about the disposition of the co-defendant's cases does not show ineffective assistance of counsel, particularly because the outcome of the co-defendant's motion to suppress evidence hearing had no legal bearing on appellant's case. Appellant withdrew his motion for new trial even after he learned of the outcome of the co-defendant's cases, and there is nothing in appellant's affidavit that shows he would have rejected the State's plea bargain of two years' deferred adjudication community supervision had he known the outcome of the co-defendant's motion to suppress evidence hearing.

We conclude appellant has not shown that counsel's performance was deficient or that the result of the proceedings would have been different. *See Ex Parte Imoudu*, 284 S.W.3d at

---

[1] We also note that although appellant indicated by email of August 7, 2012 that he wanted to file a new motion for new trial, any motion for new trial filed on or after that date would have been untimely. A properly filed motion for new trial is timely only if filed within thirty days after the sentence is suspended or imposed in open court. *See* TEX. R. APP. P. 21.4(a).

869; *Jimenez*, 240 S.W.3d at 416. Therefore, we conclude the trial court did not abuse its discretion in denying the relief sought by the application for writ of habeas corpus. *See Ex parte Peterson*, 117 S.W.3d at 819. We overrule appellant's third issue.

We affirm the trial court's order denying appellant the relief sought by his application for writ of habeas corpus.

Do Not Publish
TEX. R. APP. P. 47
140199F.U05

/Carolyn Wright/
CAROLYN WRIGHT
CHIEF JUSTICE



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

EX PARTE RICHARD NICHOLAS
COLON

No. 05-14-00199-CR

Appeal from the 219th Judicial District
Court of Collin County, Texas (Tr.Ct.No.
219-81243-2012).
Opinion delivered by Chief Justice Wright,
Justices Myers and Evans participating.


Based on the Court's opinion of this date, the trial court's order denying the writ of habeas corpus is **AFFIRMED**.


Judgment entered May 29, 2014

/Carolyn Wright/

CAROLYN WRIGHT
CHIEF JUSTICE