

**NUMBER 13-19-00426-CR**

**COURT OF APPEALS**

**THIRTEENTH DISTRICT OF TEXAS**

**CORPUS CHRISTI - EDINBURG**

---

**EMILY A. PETERSON,**                                                                 **Appellant,**

**v.**

**THE STATE OF TEXAS,**                                                                 **Appellee.**

---

**On appeal from the 156th District Court
of Bee County, Texas.**

---

**O R D E R**

**Before Justices Benavides, Longoria, and Perkes
Order Per Curiam**

Appellant, Emily A. Peterson, filed a notice of appeal challenging the trial court's

order of deferred adjudication in trial court cause number B-18-2232-0-CR-B.   By order

signed September 27, 2019, the trial court granted appellant's motion for new trial.   The

Court of Criminal Appeals has held that a motion for new trial is not permissible when a

defendant is placed on deferred adjudication because there is no finding or verdict of guilt

in a deferred adjudication. *Donovan v. State*, 68 S.W.3d 633, 636 (Tex. Crim. App. 2002).

The trial court's certification of the defendant's right to appeal entered on August 8, 2019, showed that the defendant does not have the right to appeal. *See* TEX. R. APP. P. 25.2(a)(2). The Texas Rules of Appellate Procedure provide that an appeal must be dismissed if a certification showing that a defendant has a right of appeal is not made a part of the record. TEX. R. APP. P. 25.2(d); *see* TEX. R. APP. P. 37.1, 44.3, 44.4. Accordingly, this Court directed appellant's trial counsel to: 1) review the record; 2) determine whether appellant has a right to appeal; and 3) forward to this Court, by letter, counsel's findings as to whether appellant has a right to appeal and/or advise this Court as to the existence of any amended certification.

We have received and reviewed counsel's response. Counsel states that the granting of the motion for new trial made moot the motion to amend the trial court's certification. The docket sheet reflects that on August 29, 2019, "permission granted to appeal," however, an amended trial court certification has not been filed. Because of the ambiguity regarding the trial court's certification, we ABATE and REMAND this case to the trial court for re-certification of appellant's right of appeal. *See* TEX. R. APP. P. 34.5(c), 44.3, 44.4; *Dears v. State*, 154 S.W.3d 610, 614 (Tex. Crim. App. 2005).

On remand, the trial court shall immediately issue notice of a hearing and accordingly conduct a hearing addressing the foregoing matter. We further direct that, after conducting the hearing, the trial court re-certify whether appellant has the right of appeal. The trial court's amended certification, and any orders it enters shall be included

in a supplemental clerk's record. The trial court is directed to cause the supplemental clerk's record to be filed with the Clerk of this Court within thirty days of the date of this order. Should the trial court require more time to comply with the directions of this Court, it shall request an extension prior to the expiration of this deadline.

It is so ORDERED.

PER CURIAM

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
11th day of October, 2019.